**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEREMY J. SMILEY,       No. C 08-2592 SI (pr)

    Plaintiff,      **ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    v.

E. DURHAM; et al.,

    Defendants.
                                        /

## INTRODUCTION

Jeremy J. Smiley, an inmate at Salinas Valley State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, Smiley alleges that he was subjected to a cell search on November 10 and again five days later on November 15, 2007, "with negative results." Complaint, p. 3. He complains that the second search started out in a frightening manner with an excessive show of force by prison staff, although he was not forcibly removed from the cell. There was yelling and banging on the cell door, and this scared Smiley, who claims he was sensitive because he was mentally ill. Officers Zorchak, Valdez and their supervisors allowed the intimidating approach to removing Smiley and his cellmate from the cell. He was tightly handcuffed and put in a holding cell where he had to stand for five hours.

During the time in the holding cell, defendant Durham came by and teased Smiley him about his outfit. At that point in time, Smiley was wearing a long t-shirt and his boxer shorts could not be viewed because they apparently had been taped up to his legs. (The complaint does not explain the tape, but sometimes undershorts are taped to an inmate's body in connection with a search for contraband, i.e., the taping retains or excludes the contraband.)

Smiley was informed that he would be placed on contraband watch, but was not told the reason for that. Smiley was put in a strip cell for two days, where he was in leg irons and waist restraints that precluded effective sleep and he was not allowed to pray. He was given eating utensils and had to eat with his hands after defecating and wiping himself. This was a problem because the toilet and sink did not work and he had no water to wash his hands before eating. He does not allege that any of the defendants took part in the decision to put him on contraband watch or did put him on contraband watch.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment covers not only the use of force on prisoners but also sets a minimum level for prison conditions, i.e., they may not be so bad that they amount to cruel and unusual punishment. Prison officials must provide

all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Wilson v. Seiter, 501 U.S. 294, 297-98 (1991); Johnson v. Lewis, 217 F.3d 726, 731-33 (9th Cir. 2000). The allegations of the complaint, liberally construed, state a cognizable Eighth Amendment claim for the 2-day placement on contraband watch. The problem for Smiley is that his complaint does not link any defendant to this event. The defendants' acts are described with respect to the cell search and to the teasing, but not with respect to the placement and retention in the contraband watch cell for two days. Leave to amend will be granted so that Smiley may attempt to link one or more defendants to this claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (§ 1983 arises only upon a showing of personal participation by defendant)

The allegations of the complaint that Smiley was not allowed to pray while on contraband watch, liberally construed, might state a claim for relief under the Free Exercise Clause of the First Amendment, see Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008), but there is not enough information about what happened. In his amended complaint, Smiley should clarify if the denial-of-prayer was a consequence of being in the strip cell, restrained and with dirty hands, or someone actually told him that he could not pray. Also, as with the Eighth Amendment claim mentioned in the preceding paragraph, the complaint does not connect any defendant to this event. Leave to amend will be granted so that plaintiff may attempt to link one or more defendants to this claim by explaining what each defendant did or failed to do that denied him his ability to pray.

The allegations of the complaint do not state a § 1983 claim based on the acts of the prison officials in the cell search. Yelling and a show of force to scare inmates into compliance with orders so that contraband will not be destroyed do not amount to an Eighth Amendment violation. The claim is dismissed.

The allegation that defendant Durham made derogatory comments, e.g., that it looked like Smiley was wearing a dress, does not state a § 1983 claim. Allegations of verbal harassment

3

and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment). The claim is dismissed.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **October 31, 2008**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: September 29, 2008

_____
SUSAN ILLSTON
United States District Judge