**FILED**

OCT 2 9 2008

RICHARD W. W. ING
CLERK U.S. DISTRIC  URT.
NORTHERN DISTRICT Or CALIFORNIA

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2  Name __SMILEY_____ __JEREMY_____ __J_____

3       (Last)                          (First)                  (Initial)

4  Prisoner Number  CALIFORNIA DEPARTMENT OF CORRECTIONS CDC # V-12955

5  Institutional Address  P . O. BOX 1050, SOLEDAD, CA 93960 – 1050

6  ===============================================================

7                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA

8  JEREMY JEROME SMILEY

9  (Enter the full name of plaintiff in this action.)

10                          vs.                          Case No. CV- 08- 2592- SI- (PR)
                        IN THEIR INDIVIDUAL AND       (To be provided by the Clerk of Court)

11  P. SULLIVAN         OFFICIAL CAPACITIES

                                                    **COMPLAINT UNDER THE**
12  E. MEDINA                                       **CIVIL RIGHTS ACT,**
                                                    **Title 42 U.S.C § 1983**
13  T. VARIZ

14  J. GARCIA, et al.                               " JURY TRIAL DEMANDED"

   (Enter the full name of the defendant(s) in this action)
15                                                  " AMENDED COMPLANT "

16  *[All questions on this complaint form must be answered in order for your action to proceed..]*

17  I.    Exhaustion of Administrative Remedies.

18        [**Note:** You must exhaust your administrative remedies before your claim can go

19        forward. The court will dismiss any unexhausted claims.]

20        A.    Place of present confinement SALINAS VALLEY STATE PRISON

21        B.    Is there a grievance procedure in this institution?

22              YES ( X )    NO ( )

23        C.    Did you present the facts in your complaint for review through the grievance

24              procedure?

25              YES ( X )    NO ( )

26        D.    If your answer is YES, list the appeal number and the date and result of the

27              appeal at each level of review. If you did not pursue a certain level of appeal,

28              explain why.

COMPLAINT                          - 1 -

1.  Informal appeal ___PLEASE SEE ATTACHED GRIEVANCE'S/ INMATE APPEAL.___

_____

_____

2.  First formal level_____

_____

_____

3.  Second formal level_____

_____

_____

4.  Third formal level _____

_____

_____

E.   Is the last level to which you appealed the highest level of appeal available to
you?

YES ( X )    NO ( )

F.   If you did not present your claim for review through the grievance procedure,
explain why. ___THE APPEAL COORDINATOR'S, E. MEDINA AND T. VARIZ HEREIN CONTINUOUSLY IMPEDED___
___UPON PLAINTIFF APPEALS PROCESS THUS VIOLATING THE APPELLANT FIRST AMENDMENT RIGHT TO DUE___
___PROCESS AND TO REDRESS AN GRIEVANCE.___

II.   Parties.

A.   Write your name and your present address. Do the same for additional plaintiffs,
if any.

___JEREMY J. SMILEY CDC # V-12955, SALINAS VALLEY STATE PRISON, P. O. BOX 1050, SOLEDAD,___

___CALIFORNIA 93960 - 1050.___

_____

B.   Write the full name of each defendant, his or her official position, and *his or her*
place of employment.

___P. SULLIVAN, CORRECTIONAL SERGEANT, SALINAS VALLEY STATE PRISON.___

COMPLAINT                                    - 2 -

1  E. MEDINA, CORRECTIONAL COUNSELOR 2, SALINAS VALLEY STATE PRISON.

2  T. VARIZ, CORRECTIONAL COUNSELOR 2, SALINAS VALLEY STATE PRISON.

3  J. GARCIA, CORRECTIONAL OFFICER, SALINAS VALLEY STATE PRISON.

4  AS WELL AS THOSE UNAMED AND OR UNKNOWN AT THIS PRESENT JUNCTION OF THE HEREIN PROCESSED CIVIL COMPLAINT.

5  III.    Statement of Claim.

6        State here as briefly as possible the facts of your case.  Be sure to describe how each

7  defendant is involved and to include dates, when possible.  Do not give any legal arguments or

8  cite any cases or statutes.  If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10  PLEASE REFER TO PAGE # 5 " FACTS ".

11

12

13

14

15

16

17

18

19

20

21

22

23  IV.    Relief.

24        Your complaint cannot go forward unless you request specific relief.  State briefly exactly

25  what you want the court to do for you.  Make no legal arguments; cite no cases or statutes.

26  PLEASE REFER TO PAGE # 9 " PRAYER FOR RELIEF "

27

28

COMPLAINT                              - 3 -

1          1. JURISDICTION & VENUE

2    THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION,

3    UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE

4    COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (a)(3). PLAINTIFF SEEKS DEC-

5    LARATORY RELIEF PURSUANT TO 28 U.S.C. SECTION 2201 AND 2202. PLAINTIFF'S CLAIMS FOR IN-

6    JUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SECTION 2283 & 2284 AND RULE 65 OF THE FEDERAL

7    RULES OF CIVIL PROCEDURE.

8

9    THE (UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA) IS AN APPROPRIATE VENUE

10   UNDER 28 U.S.C. SECTION 1391 (b)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS

11   CLAIM OCCURRED.

12

13         2. PLAINTIFF

14   PLAINTIFF, JEREMY JEROME SMILEY, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PRISONER OF

15   THE STATE OF CALIFORNIA IN THE CUSTODY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS.HE IS

16   CURRENTLY CONFINED IN SALINAS VALLEY STATE PRISON, IN SOLEDAD CALIFORNIA.

17

18         3. DEFENDANTS

19   DEFENDANT, P. SULLIVAN IS A CORRECTIONAL OFFICER OF THE CALIFORNIA DEPARTMENT OF CORRECT-

20   IONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF SERGEANT AND WAS

21   ASSIGNED TO SALINS VALLEY STATE PRISON.

22

23   DEFENDANT, E. MEDINA IS A CORRECTIONAL COUNSELOR 2 OF THE CALIFORNIA DEPARTMENT OF CORRECT

24   - IONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF APPEALS COORDINATOR

25   AND WAS ASSIGNED TO SALINAS VALLEY STATE PRISON.

26

27   DEFENDANT, T. VARIZ IS A CORRECTIONAL COUNSELOR 2 OF THE CALIFORNIA DEPARTMENT OF CORRECT-

28   IONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF APPEALS COORDINATOR

COMPLAINT                              -4-

1  AND WAS ASSIGNED TO SALINAS VALLEY STATE PRISON.

2

3  DEFENDANT, M. VALDEZ IS A CORRECTIONAL OFFICER OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS

4  WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF (INVESTIGATION SERVICE UNIT)

5  CORRECTIONAL OFFICER AND WAS ASSIGNED TO SALINAS VALLEY STATE PRISON.

6

7  DEFENDANT, ZORCHAK IS A CORRECTIONAL OFFICER OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS

8  WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF (INVESTIGATION SERVICE UNIT)

9  CORRECTIONAL OFFICER AND WAS ASSIGNED TO SALINAS VALLEY STATE PRISON.

10

11  DEFENDANT, R.L. MARTINEZ IS A CORRECTIONAL OFFICER OF THE CALIFORNIA DEPARTMENT OF CORRECT-

12  IONS WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF (INVESTIGATION SERVICE

13  UNIT) LIEUTENANT AND WAS ASSIGNED TO SALINAS VALLEY STATE PRISON.

14

15  DEFENDANT, J. GARCIA IS A CORRECTIONAL OFFICER OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS

16  WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF A CORRECTIONAL OFFICER AND

17  WAS ASSIGNED TO SALINAS VALLEY STATE PRISON.

18

19                                    4.FACTS

20  ON 11-15-07 AN EARLY MORNING RAID (4:30)AM WAS CONDUCTED ON MY LIVING QUARTERS. THIS CELL

21  SEARCH WAS CONDUCTED FIVE (5) DAYS SUBSEQUENT TO (11-10-07) A DETAIL SEARCH IN WHICH AN

22  UNCLOTHED BODY SEARCH WAS PERFORMED. BOTH WERE PERFORMED WITH NEGATIVE RESULTS. THE SECOND

23  SEARCH WAS CONDUCTED USING GESTAPO LIKE AND ABUSIVE TACTICS. I WAS REMOVED FROM THE CELL

24  AND HAD MECHANICAL RESTRAINTS PLACED TIGHTLY ON MY WRIST. SO TIGHTLY IN FACT , THEY CAUSED

25  INJURY TO MY PERSON.

26

27  CONSEQUENTLY I WAS TRANSPORTED TO THE FACILITY ANNEX WHERE I WAS PLACED IN A HOLDING CAGE

28  WHOSE DESIGN PROHIBITED EITHER SQUATING OR SITTING. I WAS FORCED TO REMAIN in THIS VERY

COMPLAINT                              -5-

1   STRESSFUL POSITION FOR (5) HOURS.

2

3   ULTIMATELY I WAS TRANSFERRED TO DELTA YARD (BPT) BOARD OF PRISON TERMS, HOLDING CELLS. I
4   WAS INFORMED THAT I AM BEING PLACED ON CONTRABAND (POTTY WATCH). NO REASON WAS GIVEN NOR
5   DOCUMENTATION GENERATED CONSISTANT WITH MINIMAL PROCEDURAL SAFEGUARD REQUIREMENTS.

6

7   UPON ARRIVAL THE SYSTEMATIC ABUSE CONTINUED. I WAS PLACED IN LEG IRON AND WAIST RESTRAINTS
8   AND MADE TO SLEEP THAT WAY WHICH MADE IT IMPOSSIBLE TO SLEEP. THEREBY SUBJECTING ME TO SLEEP
9   DEPRIVATION. NO EATING UTENSIL WERE PROVIDED YET I WAS REQUIRED TO EAT WITH MY HANDS AFTER
10  DEFECATING AND WIPING MYSELF. Also to include, plaintiff never received a bed or mattres.
11

12  NEEDLESS TO SAY THROUGHOUT THE PROCESS WAS DEHUMANIZING AND DEGRADING. IT SEEMED MORE DESIGN-
13  ED TO HARASS AND PERSECUTE THAN TO UNCOVER WRONG DOINGS. CIRCUMSTANTIAL EVIDENCE SUPPORTS
14  THIS.

15

16  IN FACT NO CONTRABAND WAS FOUND. IT SEEMED LIKE AN ATTEMPT TO CIRCUMVENT MY DUE PROCESS PRO-
17  TECTIONS AGAINST ABUSIVE POLICE ACTIONS. THE LACK OF DUE PROCESS IN CONJUNCTION WITH IT'S
18  ARBITRARY NATURE. IS FURTHER SUPPORT THAT IT WAS USED FOR THAT PURPOSE.

19

20      THE FOLLOWING PARAGRAPH CONTAINS THE RAMIFICATIONS SUFFERED BY THE PLAINTIFF HEREIN.
21  PLAINTIFF HEREIN COMPLAINTS THAT HE WAS SUBJECTED TO TREATMENT AKIN TO CRUEL AND UNUSUAL
22  PUNISHMENT TYPE STANDARDS, BY CALIF. DEPT. OF CORRECTIONS OFFICERS ACTING UNDER THE COLOR
23  OF LAW, AUTHORIZED BY THEIR SUPERVISING EMPLOYERS. OFFICER M. VALDEZ, ZORCHAK, AND THEIR
24  SUPERVISORS WHOM IN AUTHORITY ALLOWED THE OFFICERS HEREIN STATED TO FORCEFULLY APPROACH MY
25  CELL IN GREAT NUMBERS, POSSESSING WEAPONS OF NON-LEATHAL IN SUBSTANCE, YET THREATNING HARM,
26  AND DISTURBING MY MENTAL WELL BEING. THE OFFICERS YELLED ORDERS TO MYSELF, AND MY CELLIE,
27  TO DON'T MOVE OR TOUCH ANYTHING WITHIN THE CELL, GET OFF YOUR BED ONE BY ONE, Back UP TO THE
28  (FOOD PORT), CUFF UP AND GET ON YOUR KNEES , TURN ON THE BRIGHT LIGHTS, DON'T FLUSH THE

COMPLAINT                                    -6-

1  TOILET, OR YOU'LL BE SPRAYED WITH OC SPRAY. THE TRAY SLOT (FOOD PORT) WAS OPEN WITH SUCH

2  FORCE THAT THE SOUND OF THE SLAMMING FOOD PORT CAUSED ME TO BECOME FEARFUL THAT I MIGHT BE

3  HANDLED ROUGHLY FOR NO REASON, THE ACTIONS OF THE OFFICERS SCREAMING AND YELLING CAUSED ME

4  TO BECOME FEARFUL, AND NERVOUS THAT I MAY BE HARMED PHYSICALLY AND OR SPRAYED WITH THIS

5  BURNING CHEMICAL . I AM AN INMATE WHOM SUFFERS FROM VERIOUS MENTAL ILLNESSES (BIPOLAR DIS-

6  ORDER) & (ANTISOCIAL PERSONALITY DISORDER) WHICH CAUSE ME TO REACT IN A MANNER UNSUITABLE

7  TO SOME OFFICERS WHOM HAD NO TRAINING IN DEALING WITH INMATES OF SUCH MENTAL ILLNESS. I WAS

8  NOT ALLOWED TO ADRESS TO APPROPRIATE STANDARDS. I WAS FORCED TO STAND FOR (5) FIVE HOURS

9  CAGED, AND RESTRAINED WITH MECHANICAL RESTRAINTS, WHILE AN OFFICER STOOD AT THE REAR THREAT-

10  NING TO SPRAY MYSELF & THE HEREIN WITNESSES IF WE TURNED FROM THE WALL. I WAS DENIED THE USE

11  OF THE MEN'S ROOM, FOR HOURS, I WAS CONTINUOUSLY DENIED WATER, I WAS LATER STRIPPED AGAIN,

12  SEARCHED, CHAINED AT THE WAIST AND ANKLES AND PUT ON POTTY WATCH. I SUFFERED NUMEROUS CRAMPS

13  FROM THE RESTRAINTS. BOTH MY WRIST WERE SWOLLEN, BOTH MY ANKLES WERE SWOLLEN, I HAD BACK

14  ACHE AND A HEADACHE DUE TO MY DISPOSITION. I WAS DENIED THE RIGHT TO WASH BEFORE MEALS, I

15  WAS DENIED MEDICAL ATTENTION, I WAS SUBJECTED TO DESFASIBLE.CAUSE AFTER DEFECATING THERE WAS

16
17  NO RUNNING WATER IN THE PORTION IN WHICH I WAS HELD. IN FACT THE SINK,NOR DID THE TOILET

18  WORK! PLAINTIFF HEREIN COMPLAINT THAT SALINAS VALLEY STATE PRISON OFFICALS ACTING UNDER THE

19  COLOR OF LAW UTILIZED PROCEDURES AKIN TO A "HITCHING POST" AS OFFICALS PLACED PLAINTIFF

20  INSIDE A SECURED HOLDING CELL WHICH IS PERFECTLY CAPABLE OF RESTRAINING PLAINTIFF, AND THERE

21  WAS NO NEED TO FURTHER MAINTAIN A STRICTER INDUCEMENT OF RESTRAINTS "SUCH AS THE EVER PRESENT

22  VERY FIRM[1] AND UNCOMFORTABLE WAIST CHAINS". ALL THE ABOVE ACTIONS WAS VERY DEGRADING AND

23  NEITHER NECESSARY OR DESERVING AND VIOLATED ME CONSTITUTIONALLY AND MUST BE ADDRESSED.

24

25  PLAINTIFF'S PROPOSED WITNESS LIST:

26  E. HOLLAND CDC # C-63557

27  R. RAMOS CDC # H-03486

28  M.LEDAY CDC # J-38351

COMPLAINT                                    -7-

## 5. EXHAUSTION OF LEGAL REMEDIES

PLAINTIFF JEREMY JEROME SMILEY USED THE PRISONER GRIEVANCE PROCEDURE AVAILABLE AT SALINAS VALLEY STATE PRISON TO TRY AND SOLVE THE PROBLEM.ON 11-27-07 PLAINTIFF JEREMY JEROME SMILEY PRESENTED THE FACTS RELATING TO THIS COMPLAINT.ON 1-7-08 PLAINTIFF,JEREMY JEROME SMILEY WAS SENT A RESPONSE SAYING THAT THE GRIEVANCE WAS A DUPLICATE.

## 6. LEGAL CLAIMS

PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE PARAGRAPHS 1-11.

DEFENDANT,E.MEDINA,UPON MY BELIEF,TRYED TO COVER UP THE HEREIN CORRECTIONAL OFFICERS CONDUCT BY NOT PROCESSING PLAINTIFF'S GRIEVANCE.THEREBY VIOLATING PLAINTIFF'S RIGHTS AND CONSTITUTED DUE PROCESS UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.

DEFENDANT ,T.VARIZ,UPON MY BELIEF,TRYED TO COVER UP THE HEREIN CORRECTIONAL OFFICER'S CONDUCT BY NOT PROCESSING PLAINTIFF'S GRIEVANCE.THEREBY VIOLATING PLAINTIFF'S RIGHT AND CONSTITUTED DUE PROCESS UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.

DEFENDANT,M.VALDEZ CONDUCTED UNJUSTIFIED SEARCH AND LEFT CELL IN DISARRAY VIOLATED PLAINTIFF'S RIGHT'S,AND CONSTIUTED CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

DEFENDANT,ZORCHAK CONDUCTED UNJUSTIFIED SEARCH AND LEFT CELL IN DISARRAY VIOLATED PLAINTIFF'S RIGHT'S,AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

DEFENDANT,J.GARCIA DELIBERATE INDIFFEENCE TO PLAINTIFF'S MEDICAL NEED VIOLATED PLAINTIFF'S RIGHT'S,AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

COMPLAINT                              -8-

1  DEFENDANT, R. L. MARTINEZ ORDERED A CONTRABAND WATCH, WHICH    VIOLATED PLAINTIFF'S RIGHT'S

2  , AND CONSTITUTED "PROCEDURAL DUE PROCESS" OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES

3  CONSTITUTION.

4

5  DEFENDANT, A .P . KANE WARDEN (A) THE CONTRABAND WATCH YOU IMPLEMENTED PROHIBITED SANITATION

6  AND PERSONAL HYGIENE AND "BASIC HUMAN NEEDS" WHICH VIOLATED PLAINTIFF'S RIGHT'S AND

7  CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT OF THE UNITED STATES

8  CONSTITUTION.

9

10  DEFENDANT, P. SULLIVAN, UPON MY BELIEF, DEFENDANT IMPEDED ON PLAINTIFF APPEAL PROCESS BY

11  WITH-HOLDING PLAINTIFF'S GRIEVANCE.THEREBY VIOLATING PLAINTIFF'S RIGHT AND CONSTITUTED DUE

12  PROCESS UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION.

13

14  THE PLAINTIFF HAS NO PLAIN, ADEQUATE OR COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIB

15  -ED HEREIN. PLAINTIFF HAS AND WILL CONTINUE TO BE IRREPARABLY INJURED BY THE CONDUCT OF THE

16  DEFENDANTS UNLESS THIS COURT GRANTS THE DECLARATORY AND INJUNCTIVE RELIEF WHICH PLAINTIFF

17  SEEKS.

18

19

20                              7.PRAYER FOR RELIEF

21  WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFFS:

22

23  A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER

24  THE CONSTITUTION AND LAWS OF THE UNITED STATES.

25

26  A PRELIMINARY AND PERMANENT INJUNCTION ORDERING DEFENDANTS: E. MEDINA AND T. VARIZ TO PRO-

27  CESS ALL MY GRIEVANCE'S ACORRDING TO DEPARTMENT OF CORRECTIONS POLICY AND PROCEDRUE.

28  THAT, M. VALDEZ, ZORCHAK, AND R. L. MARTINEZ TO STOP USING THE (INVESTIGATION SERVICE UNIT)

COMPLAINT                              -9-

1  AS AN UNUSTIFIED TACTIC TO APPROACH PLAINTIFF CELL IN SUCH A GESTAPO LIKE MANNER. ALSO FOR

2  R . L. MARTINEZ TO STOP ORDERING INMATES TO CONTRABAND WATCH UNJUSTIFIABLE.

3  THAT P. SULLIVAN TURN OVER GRIEVANCE'S TO THE CORRECT OFFICER FOR PROCESSING INSTEAD OF

4  WITHOLDING SUCH DOCUMENTATION WHICH COULD OF CAUSED HARM OR HARASSMENT TO PLAINTIFF IF

5  SEEN OR GOT IN A DEFENDANT POSSESSION.

6  THAT UPON REQUEST, INSTEAD OF BEING DENIED LIKE I WAS, J. GARCIA TAKE THE NECESSARY STEPS

7  TO ENSURE I RECEIVE MEDICAL ATTENTION.

8  AND MOST IMPORTANTLY, THAT THE CONTRABAND WATCH PROCEDURE BE CHANGED TO ENSURE INMATES

9  ARE PROVIDED "ADEQUATE DRINKING WATER" AND "TOILET FACILITIES", AND THAT THE RESTRAINTS

10 ARE NOT TO BE USED THROUGHOUT THE DURATION OF THE CONTRABAND WATCH TO AVOID HEALTH AND

11 SAFETY HAZARDS, SUCH AS SEIZURE'S ECT.

12

13 COMPENSATORY DAMAGES IN THE AMOUNT OF $ 5.000 AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY.

14

15 PUNITIVE DAMAGES IN THE AMOUNT OF $ 200.00 AGAINST EACH DEFENDANT.

16

17 A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY.

18

19 PLAINTIFF COSTS IN THIS SUIT. SUCH AS, THE PROCESSING OF THE CASE, AND "ALL" PROCEEDINGS.

20

21 ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER , AND EQUITABLE.

22

23 DATE: 9 - 30 - 08

24

25                              VERIFICATION

26 I HAVE READ THE FOREGOING COMPLAINT HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE,

27 EXCEPT AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF, AND , AS TO THOSE , I BELIEVE THEM

28 TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT: Salinas Valley State Prison        DATE: 9 - 30 - 08

SIGNATURE: Jeremy K. Smillay

COMPLAINT                                    -10-

3. Certificate of Compliance as to 4-1-99 order, including amendment of first paragraph, transmitted to OAL 9-8-99 and filed 10-20-99 (Register 99, No. 43).

### 3268.1.   Reporting and Investigating the Use of Force.

(a) Reporting Non-Deadly Force.

(1) An employee who uses or observes non-deadly force greater than verbal persuasion to overcome resistance or gain compliance with an order shall document that fact. The document shall identify any witnesses to the incident and describe the circumstances giving rise to the use of force, and the nature and extent of the force used. The employee shall provide the document to his or her immediate supervisor.

(2) The employee's immediate supervisor shall review the document to ensure that it is adequately prepared and to reach a judgment concerning the appropriateness of the force used. The supervisor shall document his or her conclusions and forward them with the employee's document through the designated chain of command, to the institution head for approval or follow-up action.

(b) Reporting Deadly Force.

(1) An employee who uses deadly force, whether on or off duty, shall ensure that a supervisory employee is notified of the incident without delay.

(2) The supervisor shall ensure that the chain of command is notified and all necessary health and safety, medical and security measures are initiated. If the incident is in an institution/facility, the supervisor shall go to the location and ensure that the scene is protected.

(3) The Assistant Director, Office of Internal Affairs, or designee shall designate an employee to be in charge of the investigation. The employee shall go to and take charge of the scene. The employee shall assemble the appropriate investigative staff and ensure that all necessary investigative procedures and coordination with affected law enforcement entities are accomplished. The product of the investigation will be a report to the Director with conclusions concerning the extent to which the use of force did or did not comply with the law. However, when the deadly force is used in the community, local law enforcement shall take charge of the scene.

(4) A Deadly Force Review Board (DFRB) shall be convened as soon as possible after the investigation is completed.

(A) The Director or designee shall designate the members of the DFRB.

(B) The DFRB shall be composed of at least four members. Three shall be non-departmental law enforcement professionals. One shall be either a Regional Administrator or a Regional Parole Administrator outside the region or jurisdiction where the deadly force was used. Additional members may be designated by the Director or designee.

(C) The DFRB shall examine all aspects of the incident to determine the extent to which the use of force complied with departmental policies and procedures, and to determine the need for policy, training and/or equipment modifications. The DFRB shall report its findings, in writing, to the Director for approval or follow-up action.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 196, 835a, 2651, 2652, and 5054 Penal Code; and section 50 Civil Code.

HISTORY:

1. Renumbering of former section 3280 to new section 3268.2, including amendment of section heading, section and Note, filed 3-12-99 as an emergency; operative 4-1-99 (Register 99, No. 11). A Certificate of Compliance must be transmitted to OAL by 9-8-99 or emergency language will be repealed by operation of law on the following day pursuant to Penal Code section 5058(e)(1).

2. Editorial correction of History 1 (Register 99, No. 24).

3. Certificate of Compliance as to 4-1-99 order transmitted to OAL 9-8-99 and filed 10-20-99 (Register 99, No. 43).

### 3268.2.   Use of Restraints.

(a) Mechanical means of physical restraint may be used only under the following circumstances:

(1) When transporting a person between locations.

(2) When a person's history, present behavior, apparent emotional state, or other conditions present a reasonable likelihood that he or she may become violent or attempt to escape.

(3) When directed by medical staff, to prevent a person from attempting suicide or inflicting injury to himself or herself.

(b) Mechanical restraints shall not be:

(1) Used as punishment.

(2) Placed around a person's neck.

(3) Applied in a way likely to cause undue physical discomfort or restrict blood flow or breathing, e.g., hog-tying.

(4) Used to secure a person to a fixed object, except as a temporary emergency measure. However, a person who is being transported shall not be locked in any manner to any part of the transporting vehicle.

(c) When mechanical restraint is required, handcuffs, alone or attached to a waist chain, will be the means of restraint normally used. However, additional mechanical restraint, including leg irons, additional chains, straight jackets, leather cuffs, or other specialized restraint equipment may be used when the circumstances indicate the need for the level of control that such devices will provide.

(d) Use of restraint equipment by direction of medical staff shall be fully documented in the institution medical file of the restrained inmate.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 196, 835a, 2650, 2651, 2652, 2652.5 and 5054 Penal Code.

HISTORY:

1. Renumbering of former section 3280 to new section 3268.2, including amendment of section heading, section and Note, filed 3-12-99 as an emergency; operative 4-1-99 (Register 99, No. 11). A Certificate of Compliance must be transmitted to OAL by 9-8-99 or emergency language will be repealed by operation of law on the following day pursuant to Penal Code section 5058(e)(1).

2. Editorial correction of History 1 (Register 99, No. 24).

3. Certificate of Compliance as to 4-1-99 order transmitted to OAL 9-8-99 and filed 10-20-99 (Register 99, No. 43).

## Article 2.   Security

### 3270.   General Policy.

The primary objectives of the correctional institutions are to protect the public by safely keeping persons committed to the custody of the Director of Corrections, and to afford such persons with every reasonable opportunity and encouragement to participate in rehabilitative activities. Consistent effort will be made to insure the security of the institution and the effectiveness of the treatment programs within the framework of security and safety. Each employee must be trained to understand how physical facilities, degree of custody classification, personnel, and operative procedures affect the maintenance of inmate custody and security. The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department.

Comment: Former DP-4201, policy, general.

### 3270.1.   Lethal Electrified Fences.

(a) For the purposes of this section, a lethal electrified fence is a high voltage fence installed for the lethal infliction of injury to escaping inmates.

(b) Safety precautions shall be instituted to prevent accidental electrocution. These precautions shall include, but are not limited to, the following:

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:

1. Amendment of section filed 12-19-91 as an emergency; operative 12-19-91 (Register 92, No. 4). A Certificate of Compliance must be transmitted to OAL 4-17-92 or emergency language will be repealed by operation of law on the following day.

2. Certificate of Compliance as to 12-19-91 order transmitted to OAL 4-17-92 and filed 6-1-92 (Register 92, No. 24).

**3265.   Arts and Crafts Exhibits.**

(a) The public may be permitted to attend displays of inmate-made articles provided:

(1) Facility security shall not be jeopardized.

(2) Adequate facilities and staff are available to control against unauthorized visiting and introduction of contraband.

(3) The activity does not interfere with the normal facility operation.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:

1. Order of Repeal of subsection (b) filed 6-3-85 by OAL pursuant to Government Code section 11349.7; effective thirtieth day thereafter (Register 85, No. 26).

2. Amendment of section filed 12-19-91 as an emergency; operative 12-19-91 (Register 92, No. 4). A Certificate of Compliance must be transmitted to OAL 4-17-92 or emergency language will be repealed by operation of law on the following day.

3. Certificate of Compliance as to 12-19-91 order transmitted to OAL 4-17-92 and filed 6-1-92 (Register 92, No. 24).

**3266.   Inmate Contacts with the Public.**

Inmates shall not initiate any personal contact with the public except as specifically authorized. This does not preclude an inmate's courteous and appropriate response when contact is initiated by a member of the public.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 4570 and 5054, Penal Code.

HISTORY:

1. Renumbering of former section 3072 to new section 3266, including amendment of section heading and text, and new Note filed 10-27-93; operative 11-26-93 (Register 93, No. 44).

**3267.   Access of Public Officials to Facilities.**

(a) A public official, except as provided in (b) below, of another governmental department or agency who needs to interview staff or inmates or to conduct an inspection shall request permission of the institution head at least 24 hours before the date and time of their desired arrival, stating the purpose of the proposed visit. Upon their arrival, the official's access shall be subject to the following requirements:

(1) The official shall be required to produce their picture identification and consent to a search.

(2) The official shall be escorted by staff at all times within the facility's security area.

(3) Any equipment required by the official shall be searched and under the control of staff while it is within the facility's security area.

(b) An elected state official's access may be denied only during an emergency with the director's approval. Access by the guests or staff of such officials may be denied when they have not been previously approved by the institution head.

NOTE: Authority cited: section 5058, Penal Code. Reference: section 5054, Penal Code.

HISTORY:

1. New section filed 11-5-92; operative 12-7-92 (Register 92, No. 45).

**1.5.   Use of Force and Restraining Devices**

**3268.   Use of Force.**

The purpose of this section is to set forth Department of Corrections policy governing the use of force. The policy has its foundation in California Penal Code statutes and relevant case decisions.

(a) Definitions.

(1) Reasonable Force:

The force that an objective, trained and competent correctional employee, faced with similar facts and circumstances, would consider necessary and reasonable to subdue an attacker, overcome resistance, effect custody, or gain compliance with a lawful order.

(2) Unnecessary Force:

The use of force when none is required or appropriate.

(3) Excessive Force:

The use of more force than is objectively reasonable to accomplish a lawful purpose.

(4) Non-Deadly Force:

Any use of force that is not likely to result in death.

(5) Deadly Force:

Any use of force that is likely to result in death.

(6) Use of Force Options:

(A) The choices available to an employee when selecting a reasonable force option.

(B) The choices include, but are not necessarily limited to: verbal persuasion or orders; physical strength and holds; chemical agents and/or other immobilization devices; handheld batons; less-lethal weapons or firearms.

(1.) For the purposes of this section, a "less-lethal weapon" includes the 37 mm launcher and any other weapon when used to fire less-lethal projectiles.

(2.) For the purposes of this section, a "firearm" is a weapon used to fire lethal projectiles.

(b) It is the policy of the Department of Corrections to accomplish the custodial and correctional functions with minimal reliance on the use of force. Employees may use reasonable force as required in the performance of their duties, but unnecessary or excessive force shall not be used.

(c) The Department of Corrections recognizes the sanctity of human life. Therefore, deadly force will only be used when it is the reasonable force, as defined in section 3268(a)(1), and is needed to:

(1) Defend the employee or other persons from an immediate threat of death or great bodily injury.

(A) For the purposes of this section, "great bodily injury" means an injury that creates a substantial risk of death.

(2) Prevent an escape from custody.

(3) Stop acts such as riots or arson that constitute an immediate jeopardy to institutional security and, because of their magnitude, are likely to result in escapes or the death of other persons.

- (4) Dispose of seriously injured or dangerous animals when no other disposition is practical.

(d) A firearm shall not be discharged if there is reason to believe that persons other than the intended target will be injured.

(e) Firearms may be discharged as a warning only in an institutional/facility setting and only when deadly force is permitted under section 3268(c).

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 196, 835a, 2651, 2652, and 5054 Penal Code; and section 50 Civil Code; *Whitley* v. *Albers* (1985) 475 U.S. 312, 106 S.Ct. 1078.

HISTORY:

1. New article 1.5 (sections 3268–3268.2) and section filed 3-12-99 as an emergency; operative 4-1-99 (Register 99, No. 11). A Certificate of Compliance must be transmitted to OAL by 9-8-99 or emergency language will be repealed by operation of law on the following day pursuant to Penal Code section 5058(e)(1).

2. Editorial correction of History 1 (Register 99, No. 24).

| State of California | Department of Corrections | Salinas Valley State Prison | AdSeg CCCMS Program |
|---|---|---|---|

Additional Page and/or update page. Use with Assessments, Data Base, Treatment Plan

Add to Top as Update: Top Form: MH 2   IDTT UPDATE FOR SVSP AdSeg CCCMS

**Date:**
**3/1/06**

**BACKGROUND INFORMATION:**

I/M is a 24 year old African American male serving his 1st term for 2nd Degree Robbery and non-controlling case of 3 cts 2nd Degree Robbery out of Alameda County. I/M received in CDC on 11/10/03 and at SVSP on 1/25/06 from CMF. I/M has 71 points and EPRD of 3/22/12. I/M affiliated with KUMI/████████, I/M has TABE score of 7. I/M's disciplinary history includes: Assault on Inmate, Battery on Inmate, Participation in Unlawful Assembly, Refusing a Direct Order, Possession of Inmate Manufactured Alcohol, Out-of-Bounds, Disrespect Toward Staff, Failure to Follow Orders, Calls and Passes, and 10 128A Counseling Chronos. I/M is married and has a 3 year old daughter. While at CMF-Solano got into fight with inmate and custody increased to IV—I/M facing 3rd strike. I/M's grandmother passed away last year. I/M had requested EOP clinician contact his family and inquire about his daughter. I/M had also requested EOP clinician help him obtain conjugal visits with wife. I/M was described as presenting as "stressed out and shakey a little but was quite savvy and appears well acclimated to prison life already, especially at his young age." UHR reflected suicidal ideation which appears ████████████████████████████████████████████████

*Not Relevant To Complaint →*

*Relevant To Complaint →*

**DIAGNOSIS :**  Axis I:   296.80  Bipolar Disorder NOS  (by hx)
Axis II:  301.7  Antisocial Personality Disorder (by hx)
Axis III: See medical chart
Axis IV: Incarceration
Axis V:  68

**CURRENT COMPLIANCE WITH TREATMENT (INCLUDING MEDICATION COMPLIANCE):**
I/M is currently prescribed 2000mg Depakote, 100mg Thorazine, and 4mg Risperdal, and Risperdal 37.5mg IM (Q2wks). I/M is medication complaint.

**CURRENT TREATMENT PLAN/GOALS:**

See attached.

**IDTT SIGNATURES:**

J. Scaramozzino, Ph. D., Supervising Psychologist
S. Torrez, Psy.D., Staff Psychologist, CF/Case Manager
W. F. Exum, M.D., Psychiatrist:
F. Winn, Counselor II:                                             CC I

| | LEVEL OF CARE: | **Last Name: Smiley** |
|---|---|---|
| MENTAL HEALTH ASSESSMENT<br>MENTAL HEALTH DATABASE<br>MH 2 [26 March 2001]<br>Addendum: Add-d-Page/Insert-a-Page | **ADSEG** | **First Name: Jeremy**<br>**CDC #: V12955** |
| Confidential Client/Patient Information<br>See W & I Code, Section 5328 | **CCCMS** | **DOB: 5/29/81** |

REC'D MAR 0 9 2006

1  THE HEREIN GRIEVANCE ILLUSTRATES PLAINTIFF BELIEF OF A DUE PROCESS VIOLATION. PLAINTIFF

2  SUBMITTED THE HEREIN GRIEVANCE'S IN THE FOLLOWING ORDER: 1, 2, 3 .

3

4  GRIEVANCE #1 IS THE ORIGINAL APPEAL (FILED WITHIN THE TIME CONSTRAINTS), PLEASE SEE DATES

5  ON ORIGINAL APPEAL, #1.

6

7  GRIEVANCE #2 WAS FILED/ GIVIN PERSONALLY TO E. MEDINA BECAUSE ONCE PLAINTIFF FILED GRIE-

8  VANCE #1 HE NEVER RECEIVED THE GRIEVANCE BACK WITH A RESPONSE IN ACCORDANCE WITH THE

9  CALIFORNIA DEPARTMENT OF CORRECTIONS (3084.6. APPEAL TIME LIMITS #1), TO RESPOND TO AN

10  INMATE GRIEVANCE.

11

12  GRIEVANCE #3 WAS FILED IN QUESTIONING OF THE WHEREABOUTS OF THE ORIGINAL #1 GRIEVANCE,

13  WHICH I END UP RECEIVING IN THE MAIL WITH GRIEVANCE #3, PLEASE SEE THE DATES OF 1-7-08 ON

14  #1 AND #3 GRIEVANCE.

15

16  WHEREFORE, PLAINTIFF ORIGINAL GRIEVANCE #1, SHOULD OF BEEN PROCESSED NOT DOCUMENTED AS A

17  "DUPLICATE" OR "LATE", AS IT IS INDICATED IN HIGHLIGHT ON THE FIRST PAGE OF #3. IT IS MY

18  BELIEF THAT THE APPEALS COORDINATOR'S TRYED TO COVER UP THE DEFENDANTS CONDUCT BY NOT

19  PROCESSING THE HEREIN GRIEVANCE'S.

20

21  DATE: 9-30-08        SIGNATURE: Jeremy G. Smiley

22

23

24

25

26

27

28

D-7-110

**INMATE / PAROLEE APPEAL SCREENING FORM**

CDCR-695

INMATE: **Smiley**   CDC #: **V 12955**   CDC HOUSING: **OM-131**

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR REASONS NOTED BELOW OR

RETURNED TO MORE INFORMATION OR FOR YOU TO ATTACH SUPPORTING DOCUMENTS.

PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS

| | |
|---|---|
| [ ] Requested Action Already Taken | [ ] Requested Appeal Withdrawn |
| [X] Duplicate Appeal; Same Issue **07-5308** | [ ] Appeal Previously Received and Processed |
| [ ] Appealing Action Not Yet Taken | [ ] Incomplete 602 – Complete Next Appropriate Section |
| [ ] Incomplete Appeal – Documents Not Attached | [ ] Incomplete 602 – Sign and Date Appropriate Section |
| [ ] Time Constraints Not Met | [ ] Limit of One Continuation Page May Be Attached |
| [ ] Cannot Submit On Behalf Of another Inmate | [ ] Incomplete Disciplinary Appeal – Missing Documents* |
| [ ] Appeal Process Abuse – Inappropriate Statements | [ ] Incomplete Property Appeal – Missing Documents* |
| [ ] No Significant Adverse Effect Demonstrated | [ ] Failed to Provide Necessary Copies of Chrono(s)* |
| [ ] Action / Decision Not Taken By CDCR | [ ] Appeal Process Abuse – Pointless Verbiage |
| [ ] Action Sought Is Under Sentencing Court Jurisdiction | [ ] May Submit One (1) Non-Emergency Appeal Per Week |
| [ ] Submit Issue to Assigned Parole Office | [ ] Attempting to Change Original Appeal Issue |
| [ ] Appeal Matter to VCGCB | [ ] Not Authorized to Bypass Any Level |
| [ ] DRB Decisions Are Not Appealable | [ ] Appeal Issue & Reasonable Accommodation Not 1824 |
| [ ] Request for Interview; Not an Appeal | [ ] Do Not Combine Staff Complaints with Other Issues |
| [ ] More than one issue –one issue per appeal | |
| [ ] NO ATTEMPT AT INFORMAL RESOLVE | [ ] Emergency Not Warranted-CCR 3084.7 |

[ ] **Not a Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362, Health**

**Care Services Form, and send it to the Medical Department for an appointment.** *If necessary, sign up for sick call.*

## PLEASE ATTACH AS NOTED BELOW:

| | |
|---|---|
| [ ] CDC 115/Hearing Officer's Results | [ ] CDC 128C Medical Chrono |
| [ ] CDC 115 with IE/DA information | [ ] CDC 1819 Denied Publications |
| [ ] Supplemental Reports to CDC 115 | [ ] CDC 128 A |
| [ ] CDC 1030 Confidential Disclosure | [ ] CDC 128 B |
| [ ] CDC 114D Lockup Order | [ ] CDC 143 Property Transfer Receipt |
| [ ] CDC 128G ICC/UCC | [ ] Cell Search Slip |
| [ ] CDC 128G CSR Endorsement Chrono | [ ] Receipts |
| [ ] CDC 839/840 Class/Reclass Score Sheet | [ ] Qtr. Pkg. Inventory Slip |
| [ ] CDC 7219 Medical Report | [ ] Trust Account Statement |
| [ ] **Other: SEE COMMENTS BELOW** | [ ] Property Inventory Receipt |

Comments:   You may write on back of this form to clarify or respond to the above.

T. Variz, Correctional Counselor-II
Appeals Coordinator
Salinas Valley State Prison

RECEIVED JAN 04 2008   Date: **12-19-07**

this screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on
separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.*
lease return this form to the Appeals Coordinator with the necessary information attached.

## PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

Original Appeal

Blind Copy

Blind Copy

STATE OF CALIFORNIA

**INMATE/PAROLEE APPEAL FORM**

CDC 602 (12/87)

Location: Institution/Parole Region    Log No.

Salinas Valley State Prison

1. _____    1. _____

2. _____    2. _____

DEPARTMENT OF CORRECTIONS

Category  7

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

C/O Durham & Contraband Watch

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Jeremy Smiley | V-11955 | Delta Laundry Worker | D7-131L |

A. Describe Problem On 11-15-07 an early morning raid (4:30am) was conducted on my living quarters. This cell search was conducted five (5) days subsequent to (11-10-07) a detail search in which an unclothed body search was performed. both were performed with negative results. The second search was conducted using gestapo like and abusive tactics. I was removed from the cell and had mechanical restraints placed tightly on my wrist so tightly in fact they caused injury to my person. Consequently I was transported to the facility annex where I was placed in a holding cage, whose design prohibited either

If you need more space, attach one additional sheet.

Additional Sheet (3)

B. Action Requested: A demand that ISU refrain from using it's office as a tool of harrassment and persecution. And finally, that oversight be provided to insure that these abusers are not recurrent.

RECEIVED NOV 3 0 2007

Inmate/Parolee Signature: Jeremy Smiley      Date Submitted: 11-27-07

C. INFORMAL LEVEL (Date Received: _____)

RECEIVED JAN 0 4 2008

Staff Response: _____

DUPLICATE OF 07-5306

Staff Signature: _____      Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____      Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed      CDC Appeal Number:

Board of Control form BC-1E, Inmate Claim

Squating or sitting or lying on the floor position for 5 hour After (1) hour transpired C/O Durham came into the annex holding cells area and began to make conversation with me by making derogatory comments saying (looks like you got a dress on) because my legs were taped and I had on a long T-Shirt as to where he couldn't see my boxer shorts. Ultimately I was transported to O yard BPT holding cell. I was informed that I would be placed on contraband (potty) watch. No reason was given nor documentation generated consistant with minimal procedural safegourd requirements. Upon arrival the systematic abuse continued. I was placed in leg iron and waist restraints and made to sleep that way which made it impossible to sleep. Thereby subjecting me to sleep deprivation. No eating utensil were provided yet I was required to eat with my hands after defecating and wiping myself. Needless to say throughout the process was dehumanizing and degrading. It seemed more designed to harass and persecute than to uncover wrong doings. Circumstantial evidence supports this. In fact no contraband was found. It seemed like an attempt to circumvent my due process protections against abusive police actions. The lack of due process in conjunction with its arbitrary nature. Is further support that it was used for that purpose.

## SALINAS VALLEY STATE PRISON
## CONFISCATED ITEMS RECEIPT

S.V.S.P. Form RR004-98

THIS IS A RECEIPT ISSUED TO ADVISE YOU THAT THE FOLLOWING ITEMS WERE REMOVED FROM YOUR CELL DURING AN INSPECTION/SEARCH ON THIS DATE ON THIS DATE: _11-8-07_

SMILEY                    V12955              11-10-07

NAME: _HoIIAND_          NUMBER: _C 63557_        CELL: _13 /_

CONFISCATED: _Excess trash, cardboard, (3) excess state sheets, (1) empty plastic container, excess state salt, excess state garbage bags, (1) 5 gallon plastic bucket._

DISPOSITION: _Disposed of per institutional garbage._

OFFICER: _Durham / Rowe_        TITLE/POSITION: _C. O._

I RECEIVED THE ABOVE-LISTED PROPERTY:

SIGNATURE: _____        TITLE: _____ DATE: _____

S.V.S.P FORM RR004-98

**SALINAS VALLEY STATE PRISON**
**CONFISCATED ITEMS RECEIPT**

THIS IS A RECEIPT ISSUED TO ADVISE YOU THAT THE FOLLOWING ITEMS WERE REMOVED FROM YOUR
CELL DURING AN INSPECTION/SEARCH ON THIS DATE:

Name: Smiley                    Number: V-61255    Cell: 127-131

Name: Hillel                    Number: C-66667

**ITEMS CONFISCATED:**

PAPER TRASH        ☒    CARDBOARD ☐    EXCESS CLOTHING ☒    **APPLIANCES TAKEN:**
EXCESS STATE CLOTHING ☒    EXCESS FOOD ☐    WIRE ☐
PORNOGRAPHY ☐

**CONTRABAND:** PRUNO ☐    WEAPON STOCK ☐    **REASON TAKEN:**    none
WEAPON ☐    DRUGS ☐    MONEY ☐                         N/A
ESCAPE PARAPHERNALIA ☐

CDC 115 ISSUED:    YES ☐    NO ☒    **DISPOSITION:** N/A

**STAFF CONDUCTING SEARCH:**
OFFICER: Zabala / Valdez            TITLE/POSITION: CO

**I RECEIVED THE ABOVE-LISTED PROPERTY:**

SIGNATURE: _____ TITLE: _____ DATE: _____

Original: File
Yellow: Inmate
Pink: Officer

State of California      **INMATE / PAROLEE APPEAL SCREENING FORM**     Department of Corrections and Rehabilitation

CDCR-695

INMATE: _____Smiley_____ CDC #: _V - 12955_ CDC HOUSING: _D 7 - 131_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR

RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

<u>YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):</u>

| | |
|---|---|
| [ ] Duplicate Appeal; Same Issue | [ ] Limit of One Continuation Page May Be Attached |
| [ ] Inappropriate Statements | [ ] Action / Decision Not Taken By CDCR |
| [×] Time Constraints Not Met | [ ] DRB/BPH Decisions Are Not Appealable |
| [ ] Cannot Submit On Behalf Of another Inmate | [ ] No Significant Adverse Effect Demonstrated |
| [ ] Appealing Action Not Yet/Already Taken | [ ] Pointless Verbiage/Appeal is vague |
| [ ] May Submit One (1) Non-Emergency Appeal Per Week | [ ] Not A Request Form; Use CDCR-7362 – to access Medical |
| [ ] Incomplete 602 |     Services, submit your request on a CDCR-Form 7362. |
| [ ] Attempting to Change Original Appeal Issue |     If necessary, sign up for sick call. |
| [ ] Not Authorized to Bypass Any Level | [ ] Request for Interview; Not an Appeal |
| [ ] Numerous and separate issues | [ ] must attempt to resolve grievance informally |
| |     through the informal appeals process |

**PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>**
**Comments:   You may write on back of this form to clarify or respond to the above.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Eloy Medina, CC-II**
**Appeals Coordinator**

Date: _12/21/07_

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached. *(4/30/07)*

# <u>PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*</u>



*Blind Copy*

*Blind Copy*

**STATE OF CALIFORNIA**

Salinas Valley State Prison

**DEPARTMENT OF CORRECTIONS**

**INMATE/PAROLEE
APPEAL FORM**

CDC 602 (12/87)

Location: SVSP    Institution/Parole Region    Log No. 07-05308    Category 7

1. 

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.    unprof lab    Cell Search Contraband Watch    11/15/07

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Jeremy Smiley | N17955 | Delta Laundry Worker | D7-131L |

A. Describe Problem: On 11-15-07 an early morning raid (4:30 am) was conducted on my living quarters. This cell search was conducted five (5) days subsequent to (11-10-07) a detail search in which an unclothed body search was performed. Both were performed with negative results. The second search was conducted using gestapo like and abusive tactics. I was removed from the cell and had mechanical restraints placed tightly on my wrist. So tightly in fact they caused injury to my person. Consequently I was transported to the facility annex where I was placed in a holding cage whose design prohibited either

If you need more space, attach one additional sheet.    Additional Sheets (3)

B. Action Requested: I demand that ISU refrain from using it's office as a tool of harrassment and persecution. And finally, that oversight be provided to insure that these abusers are not recurrent.

Inmate/Parolee Signature: Jeremy Smiley    Date Submitted: 11-27-07

RECEIVED DEC 1 3 2007 in person from Yu

RE'TD DEC 2 1 2007

to CCII Elog MEDINA

C. INFORMAL LEVEL (Date Received: _____

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompa...

Board of Control form BC-1E, Inmate Claim    Screened Out LO2 →    12/20/07    rejected by H/A time constraints not met.

First Level          ☐ Granted          ☒ P. Granted          ☐ Denied          ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _2-14-07_     Due Date: _1-29-08_

Interviewed by: _____

_____

_____

_____

_____

_____

Staff Signature: _____     Title: _____     Date Completed: _____

Division Head Approved:                                                               Returned

Signature: _____     Title: _____     Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____     Date Submitted: _____

Second Level          ☐ Granted          ☐ P. Granted          ☐ Denied          ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____     Due Date: _____

☐ See Attached Letter

Signature: _____     Date Completed: _____

Warden/Superintendent Signature: _____     Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____     Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
                                                      P.O. Box 942883
                                                      Sacramento, CA 94283-0001
                                                      Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted          ☐ P. Granted          ☐ Denied          ☐ Other _____

☐ See Attached Letter

                                                                              Date: _____

Continued from page x.

Squating or sitting. I was forced to remain in this very stressful position for (5)hour After (1) hour transpired C/O Durham came into the annex holding cells area and began to make conversation with me by making derogatory comments saying (looks like you got a dress on) because my legs were taped and I had on a long T-shirt as to where he couldn't see my boxer shorts. Ultimately I was transport ed to Dyard BP1 holding cell. I was informed that I would be placed on contraband (potty) watch. No reason was given nor documentation generated consistant with minimal procedural safegaurd requirements. Upon arrival the systematic abuse continued. I was placed in leg iron and waist restraints and made to sleep that way which made it impossible to sleep. Thereby subjecting me to sleep deprivation. No eating utensil were provided yet I was required to eat with my hands after defecating and wiping myself. Needless to say throughout the process was dehumanizing and degrading. It seemed more designed to harass and persecute than to uncover wrong doings. Circumstantial evidence supports this. In fact no contraband was found. It seemed like an attempt to circumvent my due process protections against abusive police actions. The lack of due process in conjunction with it's arbitrary nature. Is further support that it was used for that purpose.

INMATE / PAROLEE APPEAL SCREENING FORM

CDCR-695

INMATE: **Smiley**    CDC #: **V12955**    CDC HOUSING: **D 7·110**

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR REASONS NOTED BELOW OR
RETURNED TO MORE INFORMATION OR FOR YOU TO ATTACH SUPPORTING DOCUMENTS.

## PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS

| | |
|---|---|
| [ ] Requested Action Already Taken | [ ] Requested Appeal Withdrawn |
| [X] Duplicate Appeal; Same Issue **07-5308** | [ ] Appeal Previously Received and Processed |
| [ ] Appealing Action Not Yet Taken | [ ] Incomplete 602 – Complete Next Appropriate Section |
| [ ] Incomplete Appeal – Documents Not Attached | [ ] Incomplete 602 – Sign and Date Appropriate Section |
| [ ] Time Constraints Not Met | [ ] Limit of One Continuation Page May Be Attached |
| [ ] Cannot Submit On Behalf Of another Inmate | [ ] Incomplete Disciplinary Appeal – Missing Documents* |
| [ ] Appeal Process Abuse – Inappropriate Statements | [ ] Incomplete Property Appeal – Missing Documents* |
| [ ] No Significant Adverse Effect Demonstrated | [ ] Failed to Provide Necessary Copies of Chrono(s)* |
| [ ] Action / Decision Not Taken By CDCR | [ ] Appeal Process Abuse – Pointless Verbiage |
| [ ] Action Sought Is Under Sentencing Court Jurisdiction | [ ] May Submit One (1) Non-Emergency Appeal Per Week |
| [ ] Submit Issue to Assigned Parole Office | [ ] Attempting to Change Original Appeal Issue |
| [ ] Appeal Matter to VCGCB | [ ] Not Authorized to Bypass Any Level |
| [ ] DRB Decisions Are Not Appealable | [ ] Appeal Issue & Reasonable Accommodation Not 1824 |
| [ ] Request for Interview; Not an Appeal | [ ] Do Not Combine Staff Complaints with Other Issues |
| [ ] More than one issue –one issue per appeal | |
| [ ] NO ATTEMPT AT INFORMAL RESOLVE | [ ] Emergency Not Warranted-CCR 3084.7 |

[ ] Not a Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362, Health
Care Services Form, and send it to the Medical Department for an appointment. *If necessary, sign up for sick call.*

### PLEASE ATTACH AS NOTED BELOW:

| | |
|---|---|
| [ ]   CDC 115/Hearing Officer's Results | [ ]   CDC 128C Medical Chrono |
| [ ]   CDC 115 with IE/DA information | [ ]   CDC 1819 Denied Publications |
| [ ]   Supplemental Reports to CDC 115 | [ ]   CDC 128 A |
| [ ]   CDC 1030 Confidential Disclosure | [ ]   CDC 128 B |
| [ ]   CDC 114D Lockup Order | [ ]   CDC 143 Property Transfer Receipt |
| [ ]   CDC 128G ICC/UCC | [ ]   Cell Search Slip |
| [ ]   CDC 128G CSR Endorsement Chrono | [ ]   Receipts |
| [ ]   CDC 839/840 Class/Reclass Score Sheet | [ ]   Qtr. Pkg. Inventory Slip |
| [ ]   CDC 7219 Medical Report | [ ]   Trust Account Statement |
| [ ]   Other: SEE COMMENTS BELOW | [ ]   Property Inventory Receipt |

Comments: You may write on back of this form to clarify or respond to the above.
*Original Appeal was rejected as late by CCII Medina. This
is a duplicate of your original Appeal – Original
Appeal was reviewed by SVSP appeals Authority per
AB 05/03.*

T. Variz, Correctional Counselor-II
Appeals Coordinator
Salinas Valley State Prison

RECEIVED JAN 04 2008    Date: **1-3·2008**

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on
a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.*
Please return this form to the Appeals Coordinator with the necessary information attached.

## PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

Blind Copy

STATE OF CALIFORNIA

Salinas Valley State Prison

Blind Copy

DEPARTMENT OF CORRECTIONS

**NMATE/PAROLEE**
**APPEAL FORM**
DC 602 (12-87)

Location: Institution/Parole Region          Log No.          Category

1. _____     1. _____          **10**
2. _____     2. _____

ou may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification ommittee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff nember, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting ocuments and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken r using the appeals procedure responsibly.      Processing Appeals

AME  Jeremy Smiley        NUMBER V-12955    ASSIGNMENT Delta laundry Worker    UNIT/ROOM NUMBER Delta 1 Cell #110u

A. Describe Problem: I filed the included Inmate Parolee Appeal to the appeals office. I was informed that the appeal had been routed back to the yard for informal level review. That is why I submitted the second 602 personally to Klay Medina CC-11. The original was filed on the date, denoted on the screened out 602. The appeal related to staff misconduct and in accordance with Administrative bulliten 05/03 should not be handled at that level. It is apparent that the appeals office is complicit in a willful and concerted effort to subvert the appeals process, thereby undermining inmates appeals rights. This is so because, inmates appeals are routinely discarded, thus it is a common practice.

If you need more space, attach one additional sheet.

Action Requested: I request that my appeal be found and processed in compliance with the title 15 ccr rule number 3184.9 Subsection (a) and (b). And a (Log Number) regarding the (original) appeal.

RECEIVED JAN 0 8 ~~2007~~ 2008

nate/Parolee Signature: Jeremy Smiley        2-08        Date Submitted: 12-26-07

INFORMAL LEVEL (Date Received: _____ )        Date 1 REC. 1-7-08

ff Response:        RECEIVED JAN 0 4 2008

DUPLICATE
OF 07-5308

ff Signature: _____        Date Returned to Inmate: _____

FORMAL LEVEL
ou are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and mit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____
_____
_____
_____

nature: _____        Date Submitted: _____

e Property/Funds appeals must be accompanied by a completed rd of Control BC-1E, Inmate Claim        CDC Appeal Number:

(f) Interview requirements. A personal interview shall be conducted with the appellant at the first level of review unless:

(1) First level was waived. In such case a personal interview shall be conducted with the appellant at the second level.

(2) The reviewer has decided, before interviewing the appellant, to grant the appeal.

(3) The appellant is not present at the institution where the appeal was filed. In such case, a telephone interview with the appellant shall meet the interview requirement.

(A) If the appeal concerns a disciplinary action, the telephone interview may be waived if the appeals coordinator determines an interview would not provide additional facts.

(B) If the appellant is not available for telephone interview, the reviewers shall request the caseworker in the jurisdiction where the appellant is located to complete the interview and provide a written report.

(g) Written response. At each level of review not waived, the original appeal shall be returned to the appellant with a written response stating the appeal issue and reasons for the decision.

(h) Disciplinary appeals. When procedural or due process requirements provided inmates in disciplinary proceedings have been violated, one of the following remedies shall be considered:

(1) The original disposition shall be vacated and the charges dismissed if the reviewer determines that the findings of the disciplinary hearing were not supported by the evidence presented at the hearing and any of the following circumstances are evident:

(A) The charge was based on information later determined to be false or unsubstantiated.

(B) A new hearing would not likely produce additional information.

(C) Elapsed time makes it unlikely the accused can present an adequate defense.

(D) Witnesses whose absence would prevent the accused from presenting an adequate defense are no longer available.

(2) The original disposition shall be vacated and a new hearing ordered if the reviewer determines that any of the following requirements were not met:

(A) The accused was not given copies of required documents within specified time limits before the hearing and did not waive the time limits.

(B) The charges were based on confidential information and the accused was not given a copy of the CDC Form 1030 (Rev. 12/86), Confidential Information Disclosure.

(C) Confidential information was used and the disciplinary findings did not address the reliability of the source and the validity of the information.

(D) The accused was denied witnesses, or when security was an issue, denied statements of witnesses, which would, in the opinion of the reviewer, have contributed significant information.

(E) The accused was not allowed to speak or present documentation in their own defense.

(F) The accused was not assigned a staff assistant or interpreter if required.

(G) An investigative employee was not assigned if required, or if assigned, the investigative employee did not adequately perform their task and it appears that such an investigation would have assisted the accused or hearing officials.

(3) When a disciplinary charge is ordered reheard, a new CDC Form 115 shall be written and processed. The disciplinary time constraints shall begin on the date the new CDC Form 115 is written except when an inmate is being returned to a facility for a disciplinary rehearing, the time constraints shall begin upon the inmate's return to that facility.

(i) Delay in Disposition. An administrator may delay for up to 90 days the implementation of a decision affecting an appellant when such delay will not threaten institution security, the safety of any person, or create a serious operational problem.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 832.5 and 5054, Penal Code; Americans With Disabilities Act, Public Law 101-336, July 26, 1990, 104 Stat. 328; and Section 35.107, Title 28, Code of Federal Regulations.

HISTORY:

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89. For prior history, see section 3003(a) and (b).

2. Certificate of Compliance as to 5-18-89 order including amendment of subsections (a) and (g) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. New subsection (a)(3)(F), amendment of subsection (b), new subsections (g) and (h), and relettering of subsection (g) to (i) filed 5-6-92 as an emergency; operative 5-6-92 (Register 92, No. 19). A Certificate of Compliance must be transmitted to OAL 9-3-92 or emergency language will be repealed by operation of law on the following day.

4. Certificate of Compliance as to 5-6-92 order transmitted to OAL 8-31-92 and filed 10-7-92 (Register 92, No. 41).

5. New subsection (a)(3)(G) filed 2-1-93 as an emergency; operative 2-1-93 (Register 93, No. 6). A Certificate of Compliance must be transmitted to OAL 6-1-93 or emergency language will be repealed by operation of law on the following day.

6. Certificate of Compliance as to 2-1-93 order transmitted to OAL 5-20-93 and filed 6-8-93 (Register 93, No. 24).

7. New subsection (a)(3)(H) and amendment of Note filed 4-7-95 as an emergency pursuant to Penal Code section 5058; operative 4-7-95 (Register 95, No. 14). A Certificate of Compliance must be transmitted to OAL by 9-14-95 or emergency language will be repealed by operation of law on the following day.

8. New subsection (b)(4) filed 5-5-95; operative 6-5-95 (Register 95, No. 18).

9. Certificate of Compliance as to 4-7-95 order transmitted to OAL 6-26-95 and filed 7-25-95 (Register 95, No. 30).

10. Amendment of subsections (c), (d) and (e)(1) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

11. Amendment of subsections (c), (d) and (e)(1) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

12. Editorial correction of History 11 (Register 97, No. 24).

13. Certificate of Compliance as to 5-29-97 order transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

### 3084.6. Appeal Time Limits.

(a) Commencement. Time limits for submitting or reviewing appeals shall commence upon the date of receipt of the appeal document by the appeals coordinator or the appellant.

(b) Departmental response. Appeals shall be responded to and returned to the appellant by staff within the following time limits:

(1) Informal level responses shall be completed within ten working days.

(2) First level responses shall be completed within 30 working days.

(3) Second level responses shall be completed within 20 working days, or 30 working days if first level is waived pursuant to section 3084.5(a)(3).

(4) Third level responses shall be completed within 60 working

(5) Exception is authorized in the event of:

(A) Unavailability of the appellant, or staff or inmate witnesses.

(B) Complexity of the decision, action, or policy.

(C) Necessary involvement of other agencies or jurisdictions.

(6) Except for the third formal level, if an exceptional delay prevents completion of the review within specified time limits, the appellant shall be informed in writing of the reasons for the delay and the estimated completion date.

(c) Inmate or parolee response. An appellant must submit the appeal within 15 working days of the event or decision being appealed, or of receiving an unacceptable lower level appeal decision.

NOTE: Authority cited: section 5058, Penal Code. Reference: Sections 832.5 and 5054, Penal Code; Sections 19572, 19583.5 and 19635, Government Code; and Brown v. State Personnel Board (1985, 2d Dist), 166 Cal App 3d 1151, 213 Cal Rptr 53.

HISTORY:

1. New section filed 5-18-89 as an emergency; operative 5-18-89 (Register 89, No. 21). A Certificate of Compliance must be transmitted to OAL within 120 days or emergency language will be repealed on 9-15-89.

2. Certificate of Compliance as to 5-18-89 order including amendment of subsection (b) transmitted to OAL 9-7-89 and filed 10-10-89 (Register 89, No. 41).

3. Amendment of subsections (b)(1)–(5), repealer and new subsection (b)(6)(D), amendment of subsections (b)(7) and (c), and repealer of subsections (c)(1) and (c)(2) filed 12-23-96 as an emergency; operative 12-23-96 (Register 96, No. 52). Pursuant to Penal Code section 5058(e), a Certificate of Compliance must be transmitted to OAL by 6-2-97, or emergency language will be repealed by operation of law on the following day.

4. Amendment of subsections (b)(1)–(5), repealer and new subsection (b)(6)(D), amendment of subsections (b)(7) and (c), and repealer of subsection (c)(1) and (c)(2) refiled 5-29-97 as an emergency; operative 6-2-97 (Register 97, No. 22). A Certificate of Compliance must be transmitted to OAL by 9-30-97 or emergency language will be repealed by operation of law on the following day.

5. Editorial correction of History 4 (Register 97, No. 24).

6. Certificate of Compliance as to 5-29-97 order, including amendment, transmitted to OAL 9-25-97 and filed 11-7-97 (Register 97, No. 45).

**3084.7. Exceptions to the Regular Appeals Process.**

(a) Emergency Appeals. Usual time limits for staff response shall not apply to emergency appeals, which shall be resolved in the shortest practical time.

(1) When circumstances are such that the regular appeal time limits may result in a threat to the appellant's safety or cause other serious and irreparable harm, the appeal shall be processed as an emergency appeal. Such circumstances include, but are not limited to:

(A) Need for protective custody.

(B) Decision was made to transfer the appellant to an institution housing an enemy.

(C) The appellant was scheduled for parole within 15 calendar days and is appealing a serious disciplinary action resulting in credit loss extending the release date.

(2) The appeal shall be submitted directly to the appeals coordinator and include substantiation of circumstances warranting emergency processing of the appeal.

(A) If the appeals coordinator determines emergency processing is unwarranted, the inmate shall be notified and the appeal shall be processed as a regular appeal.

(B) If emergency processing is warranted, the first level shall be waived and the second level review shall be completed within five working days.

(C) If dissatisfied with the second level response, the appellant may resubmit the appeal to the appeals coordinator who shall telefax it to the chief, inmate appeals, for a third level review which shall be completed within five working days.

(b) Disciplinary Appeals.

(1) A second level review shall constitute the department's final action on appeals of disciplinary actions classified as "administrative" pursuant to section 3314; and Custodial Counseling Chronos, CDC Form 128-A (rev. 4-74), documenting minor disciplinary infractions pursuant to section 3312(b).

(2) Appeals of disciplinary actions classified as "serious" pursuant to section 3315, where credit loss is a sanction, may be appealed through the third level. Within 15 working days of receipt of the department's third level denial of a disciplinary credit loss appeal, the appellant may demand a Board of Prison Terms review. The appellant shall submit the written demand for such review, with a copy of the department's final decision, to the institution's classification and parole representative or the parole region's appeals coordinator who shall within five working days forward the material to the Board.

(c) Combined Disciplinary and Parole Rescission Hearing Appeals.

(1) When the outcome of a pending disciplinary hearing may impact a Board of Prison Terms' parole rescission hearing on the same individual, a combined hearing may be held wherein the evidence is considered by both departmental and Board staff in arriving at their separate decisions.

(2) When any aspect of a combined disciplinary and parole rescission hearing is appealed, first and second level review shall be waived. The appeal shall be forwarded to the chief, inmate appeals, for a combined review by the department and the Board of Prison Terms.

(d) Transfer Appeals. A decision for transfer to another institution may be appealed by the affected inmate after endorsement by the classification staff representative.

(1) Filing of an appeal of a transfer decision shall not normally be cause to stay or delay a transfer.

(2) Regular transfer appeals:

(A) Informal and first level of appeal shall be waived.

(B) If the appeal is granted at second level, the appellant's case shall be presented to a second classification staff representative for reconsideration.

(C) If the second classification staff representative disagrees with second level appeal response, the institution head may submit the case to the departmental review board for final decision.

(D) If the appeal is denied at second level or the institution head does not refer the case to the departmental review board, the appellant may appeal at the third level.

(3) Reception center transfer appeals:

(A) The informal level shall be waived.

(B) First level review shall be conducted by the reception center's correctional administrator.

(C) If the appeal is granted, the appellant may be retained at the reception center until the case is presented to a second classification staff representative for reconsideration.

(D) If the second classification staff representative disagrees with the first level appeal decision, the appellant may resubmit the appeal for second level review.

# EXHIBIT COVER PAGE

> A
>
> EXHIBIT

Description of this Exhibit: **THE FOLLOWING EXHIBIT IS A DESCRIPTION OF 1 ORIGINAL, AND 2 COPIES OF DECLARATIONS FROM PLAINTIFF AND THE HEREIN WITNESSES.**

Number of pages to this Exhibit: **12** pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☐ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☒ United States district court
- ☐ State Circuit Court
- ☐ United States Supreme Court
- ☐ Grand Jury

**DECLARATION OF JEREMY SMILEY**

1

2    I Jeremy Smiley, CDCR# V-12955, being competent to make this declaration

3 and having personal knowledge of the matters stated therein, declare as

4 follows:

5    On November 15, 2007, an early morning raid (4:30 am) was conducted on

6 my living quarters. This cell search was conducted five (5) days subsequent

7 to 11-10-07, a detailed search in which an unclothed body search was per-

8 formed. Both were performed with negative results. The second search was con-

9 ducted using gestapo like and abusive tactics. I was removed from the cell

10 and had mechanical restraints placed tightly on my wrist. so tightly, that

11 in fact they caused injury to my person. Consequestly I was transported to

12 the facility Health Annex, where I was placed in a holding cage , whose de-

13 sign prohibited either squating or sitting. I was forced to remain in this

14 very streessful position for five (5) hours. After one (1) hour had passed,

15 Correctional Officer E. Durham, came into the health Annex holding area and

16 began to make conversation with me, by making derogatory comments saying:

17    "Looks like you got a dress on" because my legs were taped and I had on a

18 long T-shirt ▬, as to where he couldn't see my boxer shorts. Ultimately, I

19 was transported to Delta yard Board of Prison Terms holding cells. I was in-

20 formed that I would be placed on contraband (potty) wacth. No reason was

21 given, nor documentation generated consistent with mimimal procedural safe-

22 gaurd requarements. Upon arrival, the systematic abuse continued. I was

23 placed in leg irons and waist restraints, and made to sleep that way, which

24 made it impossible to sleep. Thereby subjecting me to sleep deprivation. No

25 eating utinsil were provided for me, yet I was required to eat with my hands

26 after defecating and wiping myself without being allowed to wash my hands.

27 Needless to say, throughout the process, It was dehumanizing and degrading. It

28 seemed more designed to harrass and persecute me, then to uncover a wrong

1  doing. Circumstantial evidence supports this. In fact, no contraband was found

2  It seemed like an attempt to circumvent my due process protection against

3  abusive police actions. The lack of due process in conjunction with it's ar-

4  bitrary nature. It further supports that it was used for that purpose.

5

6  I, Jeremy Smiley, declare under penalty of perjury that the foregoing state-

7  ment made in this declaration, are true and correct. Pursuant to 28 U.S.C.

8  §1746.

9

10  Executed on 7·21·08          Signed: _____
                                         Jeremy Smiley- V-12955

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

## DECLARATION OF MICHAEL LEDAY

1
2    I, Michael Leday, CDCR# J-38351, being competent to make this declarat-
3    ion, and having personal knowledge of the matters stated therein, declare
4    as follows:

5    On November 15, 2007, an early morning raid (4:30 am) was conducted on
6    my living quarters. This cell search was conducted by the Investigative Ser-
7    vice Unit (ISU), in which a dog was used to smell my body, as well as my
8    living quarters, which with negative results. The ISU did not stop at this,
9    they put me into mechanical restraits, which were placed tightly on my wrist.
10   Consequently, I was escorted to the facility-D Health Annex holding cage,
11   whose design prohibits either squating or sitting. I was forced to remain
12   in this very stressful and extremely uncomfortable position for at least
13   five (5) hours, with c/o's coming in and making derogatory comments, and
14   other statements that were uncalled for. At about 10:00 am, I was escorted
15   to the Board of Prison Terms holding cell area, where I was placed on con-
16   traband (potty) wacth. No reason was given, nor documentation generated
17   consistent with the minimal procedural safegaurd requirements. Upon arrival
18   the systematic abuse continued. I was placed in leg irons and waist restrints
19   that was rolled up so that my hands was restrainted against waist to where
20   I could not maneuver them in any way. Due to my body being completely re-
21   strained made it very difficult for me to sleep, and impossible for me to
22   eat. Because the restraints were not taken off for me to eat or do anything
23   else for that matter. I was forced to eat like a dog.. I was unable to
24   practice my religous ritual ( I'm an Muslim), and could not pray because
25   of not being able to wash up after using the restroom.

26   I, Michael Leday, declare under penalty of perjury, that the foregoing state
27   -ment made in this declaration are true and correct. Pursuant to 28 USC §1746.
28   Executed on O7. 2l. O8          Signed: _____
                                              Michael Leday J 38351

## DECLARATION OF RUDY RAMOS

I,Rudy Ramos, CDCR# H-03486, being competent to make this declaration, and having personal knowledge of the matters stated therein, declare as follows:

On 11-15-07 an early morning raid (4:30am) was conducted on my living quarters.This cell search was conducted five(5) days subsequent to (11-10-07) a detail search in which an unclothed body search was performed.The second search was conducted using gestapo like and abusive tactics.Consequently I was transported to the facility annex where I was placed in a holding cage whose design prohibited either squating or sitting.I was forced to remain in this very stressful position for (5) hours.Ultimately I was transported to Delta Yard Board Of Prison Terms holding cell.No documentation was given consistant with minimal procedural safegaurd requirements. upon arrival the systematic abuse continued. Iwas placed in leg iron and waist restraints and made to sleep that way which made it impossible to sleep.Thereby subjecting me to sleep deprivation.No eating utensil were provided yet I was required to eat with my hands after defecating and wiping myself. I was so upset I threw my tray just for having the thought of having to eat with my hands.Needless to say throughout the process was dehumanizing and degrading.It seemed more designed to harass and persecute than to uncover wrong doings.Circumstantial evidence supports this.

        .It seemed like an attempt to circumvent my due process protections against abusive police actions.The lack of due process in conjunction with it's arbitrary nature.Is further support that it was used for that purpose.

I, RUDY RAMOS, declare under penalty of perjury, that the foregoing statement made in this declaration are true and correct.Pursuant to 28 USC §1746.

Executed on:8-5-08                                                    Signed: [signature]
                                                                                Rudy Ramos #H03486

# EXHIBIT COVER PAGE

| B |
|---|

EXHIBIT

Description of this Exhibit: THE FOLLOWING EXHIBIT IS A DESCRIPTION OF 1 ORIGINAL, AND 2 COPIES OF (OBJECTIVE EVIDENCE) TO THE CONTRABAND WHICH COMPLAINED OF HEREIN.

Number of pages to this Exhibit: __9__ pages.

## JURISDICTION: (Check only one)

- [ ] Municipal Court
- [ ] Superior Court
- [ ] Appellate Court
- [ ] State Supreme Court
- [X] United States district court
- [ ] State Circuit Court
- [ ] United States Supreme Court
- [ ] Grand Jury

*California Department of Corrections*                                                          *Salinas Valley State Prison*

# *M E M O R A N D U M*



Date:     September 14, 2004

To:       See Distribution Below

Subject:  **REVISED OPERATIONAL PROCEDURE 38–**
          **CONTRABAND WATCH**

Attached is a copy of the Operational Procedure referenced above. After
reviewing the OP, distribute copies to your area, make the necessary changes to
your OP Manuals, and train the staff in your area.

Please ensure that OJT is conducted for your staff during a "Watch Meeting" and
forward a copy of the IST sign-in sheets with the corresponding OP title/number
noted to the Chief Deputy Warden's secretary.

Questions or concerns should be directed to me at extension 5554.


E. Medina
Administrative Assistant

cc:   CDW
      AW Complex I
      AW Complex II
      AW Operations
      AW Business Services
      AW Medical
      HCM
      SCEP
      Captains (Custody, A, B, C, D and ISU)
      Watch Commander
      ERO
      IST
      Litigation
      Appeals
      Plant Operations
      DMH
      File

|  California<br>**Department of Corrections**<br>**Salinas Valley State Prison**<br>OPERATIONAL<br>PROCEDURE<br>38 | TITLE:<br>**CONTRABAND WATCH** |
|---|---|
| | DEVELOPED:<br>**SEPTEMBER 1997** |
| | REVISED:<br>September 2004 |

**38.1**
**PURPOSE AND**
**OBJECTIVE**

The following procedure shall establish guidelines for Custody Staff conducting Contraband Watch. The objective of this procedure is to safely retrieve and confiscate bio-hazardous and dangerous contraband.

**38.2**
**RESPONSIBILITY**

It is the responsibility of the Correctional Administrator Operations to ensure information is accurate and correct. It is the responsibility of the Custody Captain for the implementation of this procedure. The Facility Captain from which the inmate was received will ensure compliance by all Custody Staff. The Custody Captain will review this procedure annually. The Warden is responsible for final approval. The next annual review is September 2005.

**38.3**
**REFERENCES**

Department Operations Manual 50000, Subchapter, 52000, Section 52050, Subsection 52050.25.

**38.4**
**METHODS**
**SPECIAL**
**INSTRUCTIONS**

The responsible Facility Lieutenant (or Watch Commander during first watch) will notify the Facility Captain or the Administrative Officer of the Day (AOD). Only the Facility Captain or the AOD may approve placement of an inmate on Contraband Watch. After approval, the inmate will be escorted to CTC. Custody staff will share all information with medical staff that gives rise to the belief that the inmate may have secreted contrand into his body. Medical staff will evaluate the inmate for possible placement in CTC if it appears that there is a reasonable risk the inmate may suffer a serious and acute medical emergency from the contraband. CTC placement will only be warranted for medical reasons.

If medical staff determines the inmate does not meet the criteria for placement in CTC, then the inmate will be escorted to an authorized holding cell for Contraband Watch. CTC will not be used for Contraband Watch without the approval of the Health Care Manager or their designee.

Holding Cells authorized for Contraband Watch:

❖ An inmate placed on Contraband Watch from Complex I will be housed in Facility A, BPT holding cell #1.
❖ An inmate placed on Contraband Watch from Complex II will be housed in Facility C, BPT holding cell #1.
❖ The inmate will be out counted from his housing unit as Contraband Watch.

In the event BPT cells are unavailable, visiting holding cells may be utilized.

Upon arrival of the inmate to contraband watch, staff assigned to contraband watch will ensure that the inmate is wearing state issued clothing only. No personal belongings such as combs, lighters, wedding rings, etc. will be allowed. If an inmate is in possession of these items, they will be returned to the inmate's property by the escorting staff where the inmate originated.

| | |
|---|---|
|  **California**<br>**Department of Corrections**<br>**Salinas Valley State Prison**<br>**OPERATIONAL**<br>**PROCEDURE**<br>**38** | **TITLE:**<br>**CONTRABAND WATCH**<br>**DEVELOPED:**<br>**SEPTEMBER 1997**<br>**REVISED:**<br>**September 2004** |

The officer assigned to Contraband Watch will complete a property receipt and maintain the receipt until the Contraband Watch is completed. The property receipt will be given to the inmate upon release from Contraband Watch.

The inmate will be accompanied by a GA-154 and a CDC-128-B indicating the specific reason why the inmate was placed on contraband watch and what the contraband is suspected to be. ~~If the contraband has been X-rayed, the results of the X-ray will be referred to the CDC-114A.~~ The CDC-128 B will be signed by the sending facility lieutenant. Any failure by the sending facility to complete the appropriate paperwork will result in the inmate being returned to the sending facility until the appropriate forms are completed.

✱ Prior to the inmate being placed in the holding cell, the officer assigned to contraband watch, with assistance from escorting staff, will place the inmate in waistchains and leg restraints. The inmate will remain in restraints during the duration of the contraband watch. A search of the cell will be conducted insuring it is free of contraband and documented in the CDC-114A. ~~The cell will contain only a mattress, with no unusual accommodations such as reading material, TV, or radio, etc. The inmate will be issued only a white T-shirt (state issue), one boxer shorts (state issue), and one pair of socks (state issue) only.~~ One safety blanket will be issued to the inmate for use on first watch only. **UNDER NO CIRCUMSTANCE, WILL THE OFFICER LOOSE VISUAL CONTROL OF THE INMATE.** If the officer needs to be relieved for any reason, including restroom breaks, he/she will contact the direct supervisor for relief.

On Facility A or B the officer assigned to contraband watch will retrieve a Contraband Watch Kit from Central Control. On Facility C or D the officer assigned to contraband watch will retrieve a Contraband Watch Kit from Complex Control. Each kit will include:

> ➢ Five (5) water-soluble bags
> ➢ One (1) five gallon bucket
> ➢ Five (5) pair of latex gloves
> ➢ One (1) plastic urinal bottle
> ➢ One (1) roll of toilet paper
> ➢ Five (5) biohazard bags
> ➢ One (1) face shield
> ➢ One (1) protective vest
> ➢ One (1) book containing post orders, post order acknowledgement forms, CDC 114A's, OP 38, and an OJT sign-in sheet

On Complex I the central control sergeant is responsible for inventorying the kits in central control. On Complex II the complex control officer is responsible for inventorying the kits in complex control. In the event the kit is not complete, the inventorying officer must contact the Investigative Services Unit. The Investigative Services Unit Sergeant is responsible for filling incomplete contraband watch kits.

Upon placing the inmate in the holding cell, the officer assigned to contraband watch will position him/herself directly in front of the cell maintaining a constant view of the inmate. The outer holding cell door will remain completely open the entire duration of the contraband watch. The inner holding cell door will remain closed and secure the entire duration of the contraband watch.

When an inmate requests to have a bowel movement or urinate, the following procedure will be utilized (the inmate will continue to remain in restraints):

| | California | **TITLE:** |
| --- | --- | --- |
|  | **Department of Corrections** | **CONTRABAND WATCH** |
| | **Salinas Valley State Prison** | **DEVELOPED:** |
| | **OPERATIONAL** | **SEPTEMBER 1997** |
| | **PROCEDURE** | **REVISED:** |
| | **38** | **September 2004** |

A) One water-soluble bag will be placed in a bucket in such a manner that the bag overlaps the edge of the bucket.

✗B) The inmate will not urinate in the water-soluble bag. The inmate will use the plastic urinal bottle to urinate in.

✗C) Utilizing another staff member, the contraband officer will instruct the inmate to face the wall. The contraband officer will place the bucket inside the cell. The cell door will remain open and the officer will view the inmate while he defecates inside the water-soluble bag. Upon completion of the bowel movement, staff will instruct the inmate to tie turn, face the wall, and remain there while the bucket is removed from the holding cell.

D) The contraband officer utilizing the appropriate safety gear (protective vest, gloves, face-shield, etc.) will remove the water-soluble bag and sift through the feces looking for any suspected contraband. If none is discovered the water-soluble bag will be flushed in a toilet and the gloves disposed of in a red bio-hazardous bag.

E) If any contraband is discovered the officer will notify the immediate supervisor of the discovery. Upon arrival of the supervisor the officer will remove the contraband from the feces and maintain it in his/her sole possession. The remaining feces and water-soluble bag will be flushed and the safety equipment disposed of.

F) If any contraband suspected of being narcotics is discovered, the immediate supervisor will be notified and the contraband will be processed as follows:

1) The contraband will be wiped free of as much feces as possible.

2) If in a balloon or other type of wrapping, the wrapping will be opened carefully to determine what is inside (green leafy substance, etc.).

3) A CDC-128B will be written indicating all pertinent information (size, measurements, etc.) so that should the contraband test positive for narcotics, it can be issued as a CDC-115.

4) The remaining feces and water-soluble bag will be flushed and the safety equipment disposed of.

All contraband (whether the item/s are suspected narcotics or contraband) will be processed as evidence into the Security and Investigations Unit Sub Evidence Connex under the direction of the immediate supervisor.

G) All bowel/urine movements will be recorded in the inmates CDC-114A regardless if they prove positive for contraband. All medication taken by the inmate (Tylenol, Laxative, etc.) will be documented as well.

**Removal**   The Facility Captain will receive input from the Facility Lieutenant and HCM to determine if the inmate should be released from Contraband Watch. *A set number of bowel movements is not a prerequisite for removing or retaining an inmate on Contraband Watch.* The Facility Captain must consider if all contraband has been retrieved by staff, and if not, what steps must be taken to ensure the safety of the inmate, staff and the institution.

| | |
|---|---|
|  **California**<br>**Department of Corrections**<br>**Salinas Valley State Prison**<br>**OPERATIONAL**<br>**PROCEDURE**<br>**38** | **TITLE:**<br>**CONTRABAND WATCH**<br>**DEVELOPED:**<br>**SEPTEMBER 1997**<br>**REVISED:**<br>**September 2004** |

Inmates admitted to CTC for Contraband Watch will be released to the responsible Facility Lieutenant upon determination by the HCM or designee that the inmate no longer requires CTC placement. The responsible Facility Lieutenant will notify the appropriate Facility Captain or AOD, who will determine if the inmate is to be removed from or remain on Contraband Watch. If the inmate remains on Contraband Watch, the inmate will be moved to an appropriate holding cell.

**NOTE:**

Upon any arrival or departure of contraband watch inmates, the facility's immediate supervisor (program sergeant) will notify the watch office to make arrangements pertaining to staff coverage. The program sergeant is responsible for ensuring the officers assigned to the contraband watch have received proper training. For example, reading OP #38 and signing the OJT sign-in sheet. The program sergeant will make periodic checks on staff and inmates.

**38.5**
**FEEDING**
**PROCEDURES**

Any inmate on contraband watch will be fed on a paper tray with one plastic utensil. Upon completion of the meal all milk cartons, paper trays, wrappers, utensils will be taken from the inmate. At no time will the inmate be allowed to accumulate any trash in the cell. Should the inmate refuse to comply with staff instructions the immediate supervisor will be notified. All meals, refusals, or behavioral problems will be documented in the CDC-114A. If an inmate refuses more than two meals excluding lunches, the immediate supervisor will be notified. If an inmate complains of suffering any medical symptoms such as those associated with heart conditions, diabetes, and HIV, the immediate supervisor and a nurse will be notified.

**38.6**
**DISPOSAL OF**
**BIOHAZARDOUS**
**WASTE**

All feces, urine, blood, saliva, or other bodily fluids are considered bio-hazardous. Any safety equipment such as latex gloves, toilet paper, or inmate clothing contaminated with bio-hazardous waste will be placed in a red bio-hazardous bag tied in a knot and disposed of at the CTC medical clinic dump barrel.

In the event the water soluble bags are not available and staff utilize the standard trash bag, the bag and feces within will be placed in a red bio-hazardous bag tied in a knot and disposed of at the CTC medical clinic dump barrel.

In the event a staff member's uniform is contaminated with bio-hazardous waste, the immediate supervisor will be notified and arrangements will be made to clean or replace the contaminated clothing.

At no time will any bags containing any contaminated material be left in the immediate area without being placed in red bio-hazardous waste bags.

**A. P. KANE**
**WARDEN (A)**
**SALINAS VALLEY STATE PRISON**

**DATE:** 9-8-04

In The United States District Court
for The Northern District Of California

1
2
3
4
5 Jeremy J. Smiley
  Plaintiff.
6
7 VS.                                    Case No. CV-08-2592-SI (PR)
8 K. Durham. All Defendants In          Notice Of Motion In Prayer For Pro-Se
9 P. Sullivan, their Individual         Plaintiff,
  And Official Capac-                   Re: Appointment Of Counsel.
10 K. Medina.  ities.
11 T. Variz, et al.
   Defendants.
12
13        Plaintiffs' Motion For Appointment Of Counsel
14 Pursuant to 28 U.S.C. §1915(e)(1) plaintiff moves for an order appoi-
15 nting counsel to represent him in this case. In support of this motion
16 plaintiff states:
17 Plaintiff cannot afford to hire a lawyer. He has requested leave to
18 proceed in forma pauperis in this case.
19 Plaintiff's imprisonment will greatly limit his ability to litigate this case.
20 This case will likely involve substantial investigation and discovery.
21 Also the law library access vary, with a very extreme limit, ect.
22 The issues in this case are complex. A lawyer would help plaintiff to
23 apply the law properly in briefs and before the court. Plaintiff has
24 never before been a party to a civil legal proceeding.
25 A trial in this case will likely involve conflicting testimony. A lawyer
26 would assist plaintiff in the repsertation of evidence and the
27 cross-examination of opposing witnesses.
28 Plaintiff has made repeated efforts to obtain a lawyer. Attached

-1-

1 | to this motion are **3** letters from local civil rights lawyers
2 | responding to plainiff's request for representation.
3 | Wherefore, plaintiff requests that the court appoint counsel to
4 | represent him in this case.
5 |
6 | Respectfully Submitted this 13th day of October 2008
7 |
8 |
9 |                                          Jeremy J. Smiley
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |                    Certificate Of Service
28 |                    Attached Letters

-2-

From: Jeremy I. Smiley CDC# V-11955
Building #04 - Cell #207-L
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

STATE PRISON
GENERATED MAIL

UNITED STATES POSTAGE
$00.42°
02 1A
0004397458     SEP 11 2008
MAILED FROM ZIP CODE 93960

To: National Lawyers Guild
National Office
143 Madison Avenue, 4th floor
New York NY 10011

NIXIE        100   5C  1        40  09/17/08

        RETURN TO  SENDER
NOT  DELIVERABLE  AS ADDRESSED
        UNABLE TO  FORWARD

BC:  90960105050   *0145-05761-17-22

93960@1050



3/0/11 — 9/10/08

Please inform me when <sub>or if</sub> you are
recieve this. Thank You.

September 10, 2008

National Lawyers Guild
National Office
143 Madison Avenue, 4th Floor
New York, NY 10016

Dear Sir/Madam:

My name is Jeremy Smiley CDC#V-12955, currently housed at Salinas Valley State Prison. I am writing in request of a full copie of the Lawyers (Bar Association) and (Referral Directory) dealing with lawyers who take prisoners cases. Any assistance you are able to provide to help me achieve my indeavor is greatly appreciated.

Thank You.

Sincerely Yours,
Jeremy Smiley

049J82021093

$ 00.420

ce 15 2008

Mailed From 36104
US POSTAGE

**LEGAL MAIL**

Jeremy Smiley #V-12955
Building #DF - Cell #207
Salinas Valley State Prison
Post Office Box 1050
Soledad, CA  93960-1050

07 207

93360+1050-50 8012

Southern Poverty Law Center
Post Office Box 2087
Montgomery, Alabama 36102-2087

**LEGAL MAIL**

Not to be considered
Confidential
per Title 15 Section 3143



**Southern Poverty Law Center**
400 Washington Avenue
Post Office Box 2087
Montgomery, AL 36102-2087
tel 334/956-8200
fax 334/956-8481
www.splcenter.org

September 18, 2008

Jeremy Smiley, #V-12955
Building #DF – Cell #207
Salinas Valley State Prison
Post Office Box 1050
Soledad, CA  93960-1050

Dear Mr. Smiley:

Thank you for contacting the Southern Poverty Law Center.  We are unable to provide you with the information you requested.

Sincerely,

Maria Jones
Legal Assistant

Litigation & Legal Affairs │ Intelligence Project │ Teaching Tolerance │ Tolerance.org

We return your original letter
and any docs we received.
*No copies kept.*



JUL 1 4 2008

By_____

July 10, 2008

Prison Law Office
General Delivery
San Quentin, CA 94964

Dear Sir / Madam:

I have a complaint under the civil rights act, title 42 U.S.C. 1983, presently in the Northern District Court. I am seeking counsel in regards to my civil complaint. Furthermore, I am seeking some one who specialize in the area of my complaint. Enclosed is a brief Grievance that should give you an idea of who you can refer me to and that will take on my case. Any information or assistance that you can provide to assist me in my indeavor is greatly appreciated.

Thank You.

Sincerely,

Jeremy V. Smiley