Case 3:08-cv-02592-SI   Document 14   Filed 02/26/09   Page 1 of 5

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY J. SMILEY, | No. C 08-2592 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| E. DURHAM; et al., | |
| Defendants. | |

## INTRODUCTION

Jeremy J. Smiley, currently an inmate at Salinas Valley State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. The court reviewed Smiley's original complaint and dismissed it with leave to amend to cure certain deficiencies identified by the court. Smiley's amended complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his amended complaint, Smiley alleges that he was subjected to a cell search on November 10, 2007, and again five days later on November 15, 2007, "with negative results." Amended Complaint p. 5. He complains that the second search started out in a frightening manner with an excessive show of force by prison staff who yelled and banged on the cell door. Their actions scared Smiley, who claims he was sensitive because he was mentally ill. Officers Zorchak, Valdez and their supervisors allowed the intimidating approach to removing Smiley and his cellmate from the cell. He was tightly handcuffed and put in a holding cell where he had to stand for five hours.

Smiley was informed that he would be placed on contraband watch, but was not told the reason for that placement. Smiley was put in a strip cell for two days, where he was in leg irons and waist restraints that precluded effective sleep. He was not given eating utensils and had to eat with his hands after defecating and wiping himself. This was a problem because the toilet and sink did not work and he had no water to wash his hands before eating. He alleges that correctional officer Martinez and warden Kane ordered and implemented the contraband watch.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition of cruel and unusual punishment covers not only the use of force on prisoners but also sets a minimum level for prison conditions, i.e., they may not be so bad that they amount to cruel and unusual punishment. Prison officials must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Wilson v. Seiter, 501 U.S. 294, 297-98 (1991); Johnson v. Lewis, 217 F.3d 726, 731-33 (9th Cir. 2000). The allegations of the amended complaint against defendants Martinez and Kane, liberally construed, state a cognizable Eighth Amendment claim for the 2-day placement on contraband watch. See Amended Complaint, pp. 7, 9.

2

None of the other allegations in the amended complaint state a cognizable claim for relief under § 1983, however. The allegations that defendants Valdez and Zorchak carried out an unjustified cell search do not state a § 1983 claim for relief. Yelling and a show of force to scare inmates into compliance with orders so that contraband will not be destroyed are the sorts of verbal harassment and abuse that are not cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment). The claim is dismissed.

The allegations that defendants failed to properly process Smiley's administrative grievances do not state a claim for a due process violation. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The failure to process an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prison. California Code of Regulations, title 15 sections 1073 and 3084.1 grant prisoners a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430. Smiley had no federal constitutional right to a properly functioning appeal system. A failure to process the appeal in a particular way therefore did not amount to a violation of his right to due process. The claims concerning the handling of the administrative appeals are dismissed.

The amended complaint does not state a claim against defendant Garcia, who Smiley alleges was deliberately indifferent to medical needs. Smiley does not identify any serious

3

medical need to which Garcia was deliberately indifferent. The claim is dismissed.

**CONCLUSION**

For the foregoing reasons,

1.  The amended complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Martinez and Kane for an Eighth Amendment violation for placing Smiley on contraband watch. All other defendants and claims are dismissed.

2.  The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon these two defendants who allegedly work at Salinas Valley State Prison in Soledad, California: (1) correctional officer R. L. Martinez, and (2) warden A.P. Kane.

3.  In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a.  No later than **May 22, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **June 26, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

    > The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants'

4

declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

      c.    If defendants wish to file a reply brief, the reply brief must be filed and served no later than **July 10, 2009**.

    4.    All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

    5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

    6.    Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

    7.    Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: February 26, 2009

                                                            SUSAN ILLSTON
                                                   United States District Judge