UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY SMILEY, | No. C 08-2592 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| R. L. MARTINEZ; et al., | |
| Defendants. / | |

## INTRODUCTION

Jeremy Smiley, an inmate at Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. Defendants have filed a motion to dismiss in which they argue that the action must be dismissed because, among other things, Smiley failed to exhaust administrative remedies before filing the action. Smiley has opposed the motion. The action will be dismissed because administrative remedies were not exhausted before it was filed. The court therefore need not reach defendants' other arguments in favor of dismissal.

## BACKGROUND

Smiley alleged in his amended complaint that he was subjected to frightening cell searches on November 10, 2007 and November 15, 2007, "with negative results." Amended Complaint p. 5. Smiley allegedly then was put in a strip cell for two days, where he was in leg irons and waist restraints that precluded effective sleep. He allegedly was not given eating utensils and had to eat with his hands after defecating and wiping himself. This was a problem because the toilet and sink allegedly did not work and he had no water to wash his hands before eating. He alleges that correctional officer Martinez and warden Kane ordered and implemented

the contraband watch.

The court found that the amended complaint, liberally construed, stated a cognizable claim against defendants Martinez and Kane for an Eighth Amendment violation based on their roles in placing Smiley on contraband watch. Service of process was ordered on them. Defendants now move to dismiss, arguing that (among other things) dismissal is required because Smiley did not exhaust administrative remedies before filing this action.

The parties agree that Smiley tried to submit three inmate appeals regarding the incident. They disagree as to the order in which the first two of those appeals were submitted. The court finds Smiley's version to be more plausible and accepts it.

Smiley submitted the first inmate appeal dated November 27, 2007 by putting it in the inmate mail to the appeals coordinator on November 27, 2007. One of the several stamps on the form indicates that it was received at some prison office shortly thereafter, as it was stamped "received Nov 30 2007." (Docket # 11, p. 16.) After receiving no response to that inmate appeal for 10 days, Smiley thought it had been lost or ignored so he filed a second inmate appeal on December 13, 2007 by handing it to inmate appeals coordinator Medina. This second inmate appeal also was dated November 27, 2007 like the first one, although it was not a photocopy of the first one. When the inmate appeals office received it, the appeal was assigned log # SVSP-D-07-05308. (Docket # 11, p. 21.) The appeal was screened out and rejected as untimely on December 21, 2007. (Docket # 11, p. 20.) Smiley then filed a third inmate appeal dated December 26, 2007, in which he wrote: "I filed the included Inmate Parolee Appeal to the appeals office. I was informed that the appeal had been routed back to the yard for informal level review. That is why I submitted the second 602 personally to Eloy Medina CC-II. The original was filed on the date denoted on the screened out 602." (Docket # 11, p. 25.) In the requested relief portion of the third appeal, Smiley wrote: "I request that my appeal be found and processed in compliance with [15 Cal. Code Regs. 3384.1(a) and (b)]. And a (Log Number) regarding the (original) appeal." (Docket # 11, p. 25.) The third inmate appeal was screened out and rejected as duplicative of the issue addressed in inmate appeal log # SVSP-D-07-05308.

(Docket # 11, p. 24.) The first inmate appeal was returned to Smiley with a screening form that showed that it had been rejected as duplicative of inmate appeal log # SVSP-D-07-05308. There are several dates on the screening form, including markings indicating that the screening occurred on December 19, 2007, that the form was stamped "received Jan 4 2008" in some office, and that it was received on January 7, 2008 by Smiley.

Defendants contend that the first inmate appeal Smiley submitted was the one that was hand-delivered to Medina on December 13, 2007 rather than the one Smiley contends he mailed in on November 27, 2007. Defendants and Smiley agree that the third inmate appeal was the one concerning the whereabouts of an earlier inmate appeal.

Figuring out the order in which events transpired is difficult because the inmate and prison officials fill in different parts of the inmate appeal form at different times, and different authors make various marks (including highlighting, date stamps, and comments in the margins) on the same document without clearly indicating who made what mark and when he did so. Nonetheless, the court has pieced together what appears to be the most likely sequence of events, which largely matches Smiley's version of events.[1]

The form used to reject each of the three inmate appeals was called an "Inmate/ Parolee Screening Form," and had the following notation at the bottom: "This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – do not write any more on the appeal itself. Please return this form to the Appeals Coordinator with the necessary information attached." (Docket # 11, p. 15.) Smiley never took advantage of this method to dispute the rejection of his inmate appeals. See Medina Decl., ¶¶ 11, 15.

---

[1] Although the inmate appeal officers' conduct at the time was consistent with the December 13 appeal being the first received, defendants' account of the events does not satisfactorily explain how Smiley's inmate appeal dated November 27, 2007 was stamped "received Nov 30, 2007" if it was not submitted by November 30.

3

## DISCUSSION

"No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. See id. § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th Cir. 2009).

Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 93 (2006).

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendant has the burden of raising and proving the absence of exhaustion, and may do so by way of an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20, citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988). The court can decide factual issues in a jurisdictional or related type of motion because there is no right to a jury trial as to that portion of the case, unlike the merits of the case (where there is a right

4

to a jury trial). See id. Wyatt and Ritza allow this court to resolve factual disputes, but only with regard to the exhaustion issue.

Smiley did not exhaust the administrative remedies available to him. None of his three inmate appeals ever made it to the director's level because one was screened out as untimely and two were screened out as duplicative of the first. He argues that his appeal that was screened out as untimely was not untimely because his earlier appeal (i.e., the one defendants contend was his second appeal) had been lost or misplaced and that his appeal that was screened out as duplicative was not in fact duplicative because it had been filed earlier. The argument fails because it is made too late. Cf. Marella v. Terhune, 468 F.3d 1024, 1026-27 (9th Cir. 2009) (inmate had no ground to dispute the screen-out). Smiley did not make the arguments in the prison administrative appeals process, notwithstanding the direction on the screening form that instructed the inmate how to challenge a decision that screened out the appeal for a procedural problem such as untimeliness or being duplicative. When his inmate appeal was screened out, Smiley did not pursue the matter further and did not tell the inmate appeal screener what he thought had occurred. Smiley could have responded to the screen-out of his first appeal by explaining that it was not a duplicate of the one that received a log number because it was filed before the one that received a log number - as evidenced by the "received" date stamp.

A prisoner cannot satisfy the exhaustion requirement "by filing of an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, 548 U.S. at 84. A prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. See id. at 83-84. Smiley did not. His inmate appeals were rejected as untimely and duplicative at the prison. Smiley never received a director's level decision, as required for exhaustion of administrative remedies by a California prisoner. Defendants have carried the burden to prove that Smiley did not satisfy the exhaustion requirement with regard to his Eighth Amendment claim. The action must be dismissed without prejudice.

Defendants' motion for an extension of the deadlines set in the order of service for them

5

to file the motion to dismiss is GRANTED. (Docket # 17.) Defendants' motion, plaintiff's opposition, and defendants' reply are all considered timely filed.

Plaintiff moved for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. The motion for appointment of counsel is DENIED. (Docket # 21.)

**CONCLUSION**

Defendants' motion to dismiss is GRANTED because plaintiff failed to exhaust administrative remedies before filing this action. (Docket # 12.) This action is dismissed without prejudice. The clerk shall close the file.

IT IS SO ORDERED.

Dated: January 19, 2010

_____
SUSAN ILLSTON
United States District Judge